```
 1  STEPHEN J. SIMONI (Bar No. 284558)
      StephenSimoni@yahoo.com
 2  SIMONI LAW OFFICES
 3  12131 Turnberry Drive, Suite 100
    Rancho Mirage, CA 92270-1500
 4  Telephone: (917) 621-5795
 5
    Attorney for Plaintiff John
 6   Sacchi and the Proposed Class
 7
```

**CONFORMED COPY FOR RETURN TO FILER**

FILED

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| JOHN SACCHI, Individually and on behalf of all others similarly situated, | ED CV 13- CASE NO. 02064 JGB SPx |
| Plaintiff, | COMPLAINT CLASS ACTION |
| vs. | JURY TRIAL DEMAND |
| LIFEWATCH INC. ("LIFEWATCH"), EVAN SIRLIN, Individually and as Chief Executive Officer of LIFEWATCH, and DOES 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff John Sacchi, Individually and on behalf of the Class defined below, brings this action for damages, restitution, reinstatement, statutory damages, punitive damages, sanctions, interest, court costs, attorneys' fees, and injunctive relief under rights created pursuant to federal statute under 28 U.S.C. section 1331 ("Federal Question"

COMPLAINT CLASS ACTION; JURY TRIAL DEMAND, Case. No. _____

1

Jurisdiction) for the *ultra vires* illegal actions and deliberate and knowing tortious activity of Defendants Lifewatch Inc. ("Lifewatch"), Evan Sirlin, Individually and as Chief Executive Officer of Lifewatch ("Sirlin"), and Does 1 through 10, inclusive, in negligently and/or willfully contacting Plaintiff multiple times via Plaintiff's residence telephone to solicit sales ("Sales Calls"), by utilization of an artificial or prerecorded voice ("RoboCalls") in violation of the Telephone Consumer Protection Act, 47 U.S.C. section 227 *et seq.* ("TCPA"), and with deliberate transmission of false caller identification ("Caller ID Spoofing") in violation of the Truth in Caller ID Act of 2009, 47 U.S.C. 227(e), and related claims that form part of the same case or controversy under 28 U.S.C. section 1367(a) ("Supplemental" Jurisdiction).  Plaintiff demands a trial by jury, and complains and alleges as follows:

**INTRODUCTION**

1.   Defendant Lifewatch Inc. ("Company") is a corporation incorporated in the State of New York that markets and sells, *inter alia*, monitoring systems and services for use by medically compromised individuals in residences throughout the United States.

2.   Plaintiff brings this action to challenge the Company's practices in the telephone solicitation of its products and services.  Specifically, Plaintiff challenges Company's illegal telephone solicitations by which it markets its products and services, illegal RoboCalls, and illegal use of Caller ID Spoofing in connection therewith.

3. All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern as to each member of the Class defined below.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1332(d). This is a proposed class action involving more than one hundred (100) class members, at least one member of the putative class is a citizen of a state different from Defendants, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(a) and (c) in that Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, California's Riverside County, which lies within this judicial district.

## THE PARTIES

6. Plaintiff John Sacchi ("Plaintiff") is an elderly individual who suffered a cerebral vascular accident (commonly referred to as a "stroke") in 2011. Plaintiff's only regular source of income consists of monthly payments from the federal Social Security Administration.

7. Defendant Lifewatch Inc. ("Company") is a corporation incorporated in the State of New York that has been in existence for decades and transacts business in, *inter alia*, Riverside County, California, which lies within this Judicial District.

**COMPLAINT CLASS ACTION; JURY TRIAL DEMAND,** Case. No. _____          3

8.  Defendant Evan Sirlin ("Sirlin") is an individual who resides in the State of New York, is the Chief Executive Officer of Company, and upon information and belief is the Company's Primary Shareholder.  As such, Sirlin is the primary, and perhaps the sole, individual who reaps the benefit of the tortious conduct described herein that is technically carried out only in Company's name.  Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in California and nationwide.

9.  Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 10, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names.  Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

10.  At all times herein mentioned, Company, Sirlin, and the Doe Defendants (collectively, "Defendants"), and each of them, were an agent or joint venturer of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

11.  Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and

other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

12.   At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

**FACTUAL ALLEGATIONS**

13.   In or about 2013, Plaintiff received multiple telephone solicitations by Defendants within a single twelve-month period at Plaintiff's residence that simultaneously transmitted false caller identification information in connection therewith.  Plaintiff had not consented to any one, more, or all of the solicitations.

14.   These unsolicited telephone calls were placed to Plaintiff's residence telephone and utilized an "artificial or prerecorded voice" to transmit a message as prohibited by 47 U.S.C. section 227(b)(1)(B).

15.   These telephone solicitations constituted "calls" under the TCPA that were *not* for emergency purposes.

16.   Plaintiff did *not* provide any one, more, or all Defendants, nor any agent of Defendants, prior express consent to cause Plaintiff to receive telephone calls on his residence telephone that utilized an "artificial or prerecorded voice" to transmit a message.

17. Plaintiff had placed his residence telephone number on the National Do-Not-Call Registry two years prior to Defendants' telephone calls and never removed his telephone number therefrom.

18. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

19. The telephone Sales Calls therefore violated 47 U.S.C. section 227(c)(3)(F) and 47 C.F.R. 64.1200(c)(2).

**CLASS ACTION ALLEGATIONS**

20. Plaintiff brings this action on behalf of himself and all persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of each of those provisions. The Class is defined as follows:

> All individuals who within the past four years (i) received one or more RoboCalls from Defendants without express prior consent and in the absence of an emergency; (ii) received two or more Sales Calls from Defendants within a 12-month period despite registration on the National Do-Not-Call Registry more than 29 days prior to at least two of the Sales Calls and despite the absence of a prior business relationship with Defendants; and/or (iii) received one or more RoboCalls, Sales Calls, and/or combined RoboCalls/Sales Calls from Defendants in connection with which Defendants transmitted false caller identification information. Excluded from the Class are: (1) employees of the

    Defendants, including their officers or directors;

    (2) Defendants' affiliates, subsidiaries, or co-conspirators; and (3) the Court to which this case is assigned.

21. Plaintiff does not know the exact number of Class members because such information is in the exclusive control of the Defendants. However, Plaintiff believes that due to the nature of the trade and commerce involved, Class members are sufficiently numerous, most likely thousands of consumers, and geographically dispersed throughout the United States, and that joinder of all Class members is impracticable. The information as to the identity of the Class members can be readily determined from records maintained by the Defendants, because telephone calls are recorded in Defendants' billing statements provided by third-party communications carriers, as well as from general public notification and notification of Company's customers who purchased goods and services from Company as a result of one or more such telephone calls.

22. Plaintiff's claims are typical of, and not antagonistic to, the claims of the other Class members because Plaintiff was injured by Defendants' practices and by asserting his claims, Plaintiff will also advance the claims of all members of the Class who were damaged by the same wrongful conduct of Defendants and their co-conspirators as alleged herein, and the relief sought is common to the Class.

23. The common legal and factual questions which do not vary from Class member to Class member, and which may be determined without reference to individual circumstances of any Class member, include, but are not limited to, the following:

       a.   Did Defendants' RoboCalls violate the TCPA?

       b.   Did Defendants' Sales Calls violate the TCPA?

       c.   What is the appropriate measure of damages for Defendants' TCPA violations?

       d.   Was Company unjustly enriched by the challenged practices? and

       e.   Are Plaintiff and the Class Members entitled to the injunctive and equitable relief requested herein?

24. These common questions and others predominate over questions, if any, that affect only individual members of the Class.

25. The claims of the representative Plaintiff are typical of the claims of the Class. There are no material conflicts with any other member of the Class that would make class certification inappropriate. Plaintiff and counsel will fairly and adequately represent the interests of the Class.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts if individual litigation of numerous cases would proceed. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented in this Complaint, presents fewer management

difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

27. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.

28. Injunctive relief is appropriate as to the Class as a whole because Defendants have acted or refused to act on grounds generally applicable to the Class.

29. Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including, but not limited to, providing Class members with a method for the redress of claims that may otherwise not warrant individual litigation.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(Negligent Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. sec. 227 et seq.)

30. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

31. As a result of Defendants', and Defendants' agents, negligent violations of 47 U.S.C. sec. 227(b)(1)(B), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. sec. 227(b)(3)(B).

32. Pursuant to 47 U.S.C. sec. 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

(Knowing and/or Willful Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. sec. 227 et seq.)

33. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

34. As a result of Defendants', and Defendants' agents, knowing and/or willful violations of 47 U.S.C. sec. 227(b)(1)(B), Plaintiff seeks for himself and each Class Member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. sec. 227(b)(3).

35. Pursuant to 47 U.S.C. sec. 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

(Negligent Violation of the TCPA "Sales Call" Prohibition, 47 U.S.C. sec. 227 et seq.)

36. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

37. As a result of Defendants', and Defendants' agents, negligent violations of 47 U.S.C. sec. 227(c)(3)(F) and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. sec. 227 (c)(3)(F).

38. Pursuant to 47 U.S.C. sec. 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**FOURTH CAUSE OF ACTION**

(Knowing and/or Willful Violation of the TCPA "Sales Call" Prohibition, 47 U.S.C. sec. 227 et seq.)

39.  Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

40.  As a result of Defendants', and Defendants' agents, knowing and/or willful violations of 47 U.S.C. sec. 227(c)(3)(F) and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself and each Class Member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. sec. 227(c)(5).

41.  Pursuant to 47 U.S.C. sec. 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

**FIFTH CAUSE OF ACTION**

(Negligent Violation of the TCPA "Caller ID Spoofing" Prohibition, 47 U.S.C. § 227 et seq.)

42.  Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

43.  As a result of Defendants', and Defendants' agents, negligent violations of 47 U.S.C. sec. 227(e), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to the implied private right of action.

**SIXTH CAUSE OF ACTION**

(Knowing and/or Willful Violation of the TCPA "Caller ID Spoofing" Prohibition, 47 U.S.C. § 227 et seq.)

44. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

45. As a result of Defendants', and Defendants' agents, knowing and/or willful violations of 47 U.S.C. sec. 227(e), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to the implied private right of action.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

**SEVENTH CAUSE OF ACTION**

(Fraud)

46. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

47. Company made the willful and knowingly false statements to Plaintiff of transmitting false caller identification information when Company made multiple combined RoboCalls/Sales Calls to Plaintiff's residence.  Plaintiff suffered damages due to reliance on Company's false statements as Plaintiff answered the telephone calls that he otherwise would not have answered, which tied up Plaintiff's telephone line (which Plaintiff also utilizes for facsimile transmission and receipt), wastefully utilized Plaintiff's telephone, and caused Plaintiff to purchase products and services from Company that Plaintiff otherwise would not have purchased.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## EIGHTH CAUSE OF ACTION

### (Negligence)

48. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

49. Company violated its duty of care to intended recipients of its telephone sales solicitations by, *inter alia*, breaching the statutory prohibition against transmitting false caller identification information. Plaintiff suffered damages due to Company's violation of its duty that caused Plaintiff to answer the telephone call that he otherwise would not have answered, which tied up Plaintiff's telephone line (which Plaintiff also utilizes for facsimile transmission and receipt), wastefully utilized Plaintiff's telephone, and caused Plaintiff to purchase products and services from Company that Plaintiff otherwise would not have purchased.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## PRAYER FOR RELIEF

1. Certification of the proposed Class and notice and claims administration to be paid by Defendants;

2. Statutory damages;

3. Compensatory, general, incidental, and consequential damages according to proof;

4. Special damages according to proof;

5. Punitive damages to punish Defendants for their willful illegal and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

     6.   Restitution and disgorgement according to proof;

     7.   Injunctive relief against Defendants, and each of them, to prevent future wrongful conduct;

     8.   Prejudgment interest at the maximum legal rate;

     9.   Costs of the proceedings herein;

     10.  Reasonable attorneys' fees; and

     11.  All such other and further relief as the Court deems just.

Dated: November 7, 2013     Respectfully submitted,

By: ___/s/_____
STEPHEN J. SIMONI (Bar No. 284558)
StephenSimoni@yahoo.com
**SIMONI LAW OFFICES**
12131 Turnberry Drive, Suite 100
Rancho Mirage, CA 92270-1500
Telephone:  (917) 621-5795

*Attorney for Plaintiff John Sacchi and the Proposed Class*

**DEMAND FOR JURY TRIAL**

Plaintiff on behalf of himself and all others similarly situated hereby requests a jury trial on all claims so triable.

Dated:  November 7, 2013        Respectfully submitted,


                                By: ___/s/_____
                                STEPHEN J. SIMONI (Bar No. 284558)
                                StephenSimoni@yahoo.com
                                **SIMONI LAW OFFICES**
                                12131 Turnberry Drive, Suite 100
                                Rancho Mirage, CA 92270-1500
                                Telephone:  (917) 621-5795

                                *Attorney for Plaintiff John*
                                  *Sacchi and the Proposed Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge __Jesus G. Bernal__ and the assigned Magistrate Judge is __Sheri Pym__.

The case number on all documents filed with the Court should read as follows:

### EDCV13-02064 JGB (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

November 8, 2013                By  L. Murray
Date                            Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| ☐ Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | ☐ Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | ☒ Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
John Sacchi, Individually and
on behalf of all others similarly situated,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Lifewatch Inc., Evan Sirlin, and Does 1 through 10, inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Stephen J. Simoni, Esquire (Bar No. 284558)
SIMONI LAW OFFICES
12131 Turnberry Drive, Suite 100
Rancho Mirage, CA 92270-1500; StephenSimoni@yahoo.com; (917) 621-5795

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Jason Sultzer, Esq., The Sultzer Law Group
77 Water Street, 8th Floor
New York, NY 10005
(845) 705-9460

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes  ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ According to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Telephone Consumer Protection Act, 47 U.S.C. section 227 et seq. Violation of federal statutory prohibitions against RoboCalls, Sales Cales, and Caller ID Spoofing.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: ED CV 13 - 02064  JGB  SPx

CV-71 (09/13)    CIVIL COVER SHEET    Page 1 of 3

NOV -7 2013

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? | A DEFENDANT? | |
| ☐ Yes  ☒ No | Then check the box below for the county in which the majority of DEFENDANTS reside. | Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

**C.1.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. →

**C.2.** Is either of the following true? If so, check the one that applies:

☒ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ↓

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: → | Eastern |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Stephen Simons, Esq_   **DATE:** November 7, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |