Joseph Lipari (*pro hac vice*)
Jason P. Sultzer (*pro hac vice*)
**THE SULTZER LAW GROUP, P.C.**
77 Water Street, 8th Floor
New York, New York 10005
Telephone: 646-722-4266
Facsimile:  888-749-7747
Email:  liparij@thesultzerlawgroup.com
Email:  sultzerj@thesultzerlawgroup.com

William H. Armstrong, SBN 40650
**ARMSTRONG & ASSOCIATES LLP**
One Kaiser Plaza, Suite 625
Oakland, California 94612
Telephone: 510 433-1191
Facsimile: 510 433-1836
Email:  bill.armstrong@armstrongetal.com

Attorneys for Defendant
LIFEWATCH, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SACCHI, Individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>       vs.<br><br>LIFEWATCH INC. ("LIFEWATCH"), EVAN SIRLIN, Individually and as Chief Executive officer of LIFEWATCH, and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No.: CV 13-02064-JGB-SP<br><br>Hon. JESUS G. BERNAL<br><br>DEFENDANT LIFEWATCH'S NOTICE OF MOTION AND TO STRIKE CLASS ALLEGATIONS AND DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO EACH CLAIM FOR RELIEF<br><br>**[F.R.C.P. 12(b)(2), 12(b) (6),and 12(f)]**<br><br>Date: February 3, 2013<br>Time: 9:00 a.m.<br>Ctrm.: 1<br><br>Complaint Filed: November 8, 2013 |

DEFENDANT LIFEWATCH'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS
ALLEGATIONS AND DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED AS TO EACH CLAIM FOR RELIEF

# TABLE OF CONTENTS

TABLE OF CONTENTS.......................................................i

TABLE OF AUTHORITIES ..................................................ii

I.       PRELIMINARY STATEMENT .....................................2

II.      LEGAL ARGUMENT .............................................3

     1.       The Complaint's Common Law Theories of Negligence and Fraud Ensure that the Rule 23 (a) Commonality and Typicality Requirements Cannot be Satisfied, and Ensure that the Rule 23(b) Predominance and Superiority Requirements Cannot be Satisfied. Accordingly, the Court Should Dismiss Plaintiff's Class Allegations Now ..........................3

         A.       FRCP RULE 23 . .......................................4

         B.       Dismissal is Appropriate Now.................................5

         C.       The Complaint's Common Law Negligence and Fraud Theories Preclude Plaintiff from Establishing Commonality, Typicality Predominance, and Superiority ..............................7

     2.       Plaintiff's Counsel has a Close Relationship with Named Plaintiff and a Conflict of Interest.  Accordingly, the Rule 23 (a) Adequacy of Representation Requirement cannot be Satisfied ..........................10

         A.       Attorney Simoni Cannot Act as Putative Class Counsel nor Can Mr. Sacchi Serve as Lead Plaintiff .............................10

         B.       Setting Aside Attorney Simoni's Close Relationship with Mr. Sacchi, Attorney Simoni's Financial Stake in the Outcome Requires His Disqualification and Means that the "Adequacy of Representation Prong Cannot be Met".........12

DEFENDANT LIFEWATCH'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS AND DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO EACH CLAIM FOR RELIEF

3.    Plaintiff has failed to plead the elements necessary to sustain
      TCPA claims. ....................................................................  13

4.    Plaintiff Fails to Plead Fraud with Specificity  ...................................14

5.    Plaintiff's Negligence Claims are Not Cognizable............................16

III.   CONCLUSION. ............................................................................  17

DEFENDANT LIFEWATCH'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS
ALLEGATIONS AND DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED AS TO EACH CLAIM FOR RELIEF

# TABLE OF AUTHORITIES

<u>Cases</u>

*Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768 (11th Cir. Ga. 2011) ..... 15

*Apple Computer, Inc. v. Sup. Ct.*,
126 Cal. App. 4th 1253, 1264, 24 Cal. Rptr. 3d 818 (2nd Dist. 2005)............. 10

*Ashcroft v. Iqbal*,
556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...................... 4

*Bell Atlantic Corp. v. Twombly,*
*550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)* ...................... 4, 13

*Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996) ..................... 8

*Castellon v. U.S. Bancorp*,
220 Cal. App. 4th 994 (Cal. App. 2d Dist. 2013).............................................. 15

*Daniels-Hall v. National Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010)...... 4

*Decker v. GlenFed, Inc.* 42 F.3d 1541, 1548 (9th Cir. 1994).......................... 14

*Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).  .............. 14

*Fedotov v. Peter T. Roach & Assocs.*
*P.C.*, 354 F. Supp. 2d 471, 478 (S.D.N.Y. Feb. 3, 2005),  ............................. 5

*Gonzalez v. Proctor and Gamble Co.*,
247 F.R.D. 616, 624 (S.D. Cal. 2007) ............................................................ 8

*Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 656 (C.D. Cal. 1996) ................... 8

*Horowitz v. Pownall*, 105 F.R.D. 615, 619 (D. Md. 1985)  ............................ 8

*Ibey v. Taco Bell Corp.*,
2012 U.S. Dist. LEXIS 91030 (S.D. Cal. June 18, 2012), ............................... 13

DEFENDANT LIFEWATCH'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS
ALLEGATIONS AND DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED AS TO EACH CLAIM FOR RELIEF

*John v. Nat. Security Fire & Casualty Co.*,
501 F.3d 443, 445 (5th Cir. 2007) ................................................................. 5

*Johnson v. Riverside Healthcare Sys., LP*,
534 F.3d 1116, 1121 (9th Cir. 2008); .......................................................... 4

*Klaxon Co.* v. *Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). ................. 7

*Knutson v. Reply*!, Inc.,
2011 U.S. Dist. LEXIS 7887 (S.D. Cal. Jan. 26, 2011) .................................. 13

*Koenig v. Bank of Am., N.A.*,
2013 U.S. Dist. LEXIS 179891, 1-3 (E.D. Cal. Dec. 23, 2013)...................... 4, 14

*Kramer v. Autobytel,* Inc.,
2010 U.S. Dist. LEXIS 137257 (N.D. Cal. Dec. 29, 2010), ........................... 11, 13

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ................... 14

*Lewallen v. Medtronic USA, Inc.*,
2002 U.S. Dist. LEXIS 20153 (N.D. Cal. Aug. 28, 2002), ............................. 7

*Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008*............. *4*

*Martin v AT&T Wireless Corp.* 2008 U.S. DIST. LEXIS 119831
(E.D Ca. 2008) .............................................................................................. 10

*Martin v. Dahlberg, Inc.*, 156 F.R.D. 207, 217 (N.D. Cal. 1994 .................... 8

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).................................... 4

*Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007)........................ 14

*Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 655 (D. Nev. 2009) ............ 5

*Pilgrim v. Universal Health Card, LLC* 660 F.3d 943 (6th Cir. 2011) ............ 5

*Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009)........................ 5, 9

*Schoenberg v. Exportadora de Sal, S.A. de C.V.*,
930 F.2d 777, 782 (9th Cir. Cal. 1991). ....................................................... 6

iv

*United States v. Murray*,
2013 U.S. Dist. LEXIS 33394 (N.D. Cal. Mar. 11, 2013) ............................... 11, 12

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)............. 14

*Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999)................................... 4

*Zinser v Accuflex Research Inst. Inc.*,
253 F. 3d 1180, 1189 (9th Cir. 2001).   ............................................................ 4

## Federal Regulations

FRCP. Rule 9(b)............................................................................. 13

FRCP. Rule 12(f) .................................................................... 5, 9, 16

FRCP. Rule 12(b) (6) ............................................................4, 5, 9, 16

FRCP. Rule 23(a)............................................................2, 3, 4, 6, 7, 11

FRCP. Rule 23(b)................................................................... 2, 3, 8

FRCP. Rule 23(c) ....................................................................... 5

47 U.S.C § 227 ................................................................ 12, 13, 14

Moore's Federal Practice 3d § 23.82; ............................................. 5

DEFENDANT LIFEWATCH'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS
ALLEGATIONS AND DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED AS TO EACH CLAIM FOR RELIEF

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on Monday, February 3, 2014, at 9:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 1 of the above-entitled Court located at 3470 Twelfth Street Riverside, California, Defendant Lifewatch, Inc. will, and hereby does, move this Court for an Order striking class allegations pursuant to 12 (f) and dismissing the Complaint, including the class allegations pursuant to 12 (b) (6), with prejudice, for failure to state claims upon which relief may be granted.

This motion is based upon the Notice of Motion, the attached Memorandum of Points and Authorities, the attached exhibit, and on all pleadings, records, and papers on file herein, as well as such other oral and/or documentary evidence as may be presented at or before the time of hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  PRELIMINARY STATEMENT

Plaintiff alleges that Lifewatch and its CEO Evan Sirlin, along with 10 Doe Defendants, violated 47 U.S.C § 227 et seq., the Telephone Consumer Protection Act ("TCPA") when Plaintiff received "multiple" telemarketing calls sometime in 2013.   Plaintiff's theories of liability in this putative nationwide class action include: 1) Negligent Violations of the TCPA; 2) Willful and Knowing Violations of the TCPA; 3) Fraud; and 4) General Negligence.

As set forth herein, Plaintiff's Complaint, including the class allegations, must be dismissed because:

   1)   Plaintiff cannot possibly show that his common law causes of action (i.e. negligence and fraud) are properly maintainable under FRCP. R. 23 in a putative nationwide class action.  Application of all 50 states' varying fraud and negligence common law standards in a single case,

1

and the need to resolve disputes as to the correct state-specific interpretations of these varying common law standards necessarily injects intractable case management problems and ensures that individual issues predominate over common issues. These variations in state law necessarily defeat the typicality and commonality requirements under 23 (a)(2), and necessarily defeat the predominance, superiority, and manageability requirements under Rule 23 (b)(3).

2) Plaintiff's counsel and named plaintiff have a disqualifiable "close relationship." Further, Plaintiff's counsel has a conflict of interest that is violative of the ABA Model Rules. Accordingly, the Rule 23(a) "adequacy of representation" standard cannot be met.

3) Plaintiff failed to plead the elements necessary to sustain TCPA claims.

4) Plaintiff failed to plead the elements of fraud or to do so with the requisite degree of particularity.

5) Plaintiff's negligence claims are not properly pled and are not cognizable.

## II. LEGAL ARGUMENT

### 1. The Complaint's Common Law Theories of Negligence and Fraud Ensure that the Rule 23 (a) Commonality and Typicality Requirements Cannot be Satisfied, and Ensure that the Rule 23(b) Predominance and Superiority Requirements Cannot be Satisfied. Accordingly, the Court Should Dismiss Plaintiff's Class Allegations Now

The Complaint's class allegations must be stricken and dismissed now because common law fraud and negligence causes of action in a putative nationwide class derive from the laws of the 50 states. Thus, these common law

2

claims are state-specific, require fact-intensive analysis and necessarily defeat typicality, commonality and predominance.

### A.      FRCP Rule 23

FRCP Rule 23(a), which every putative class must satisfy, requires that: (1) the class must be so numerous that joinder of all members is impracticable (numerosity); (2) there must be questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties must be typical of the claims or defense of the class (typicality); and (4) the named plaintiffs must fairly and adequately protect the interests of the class (adequacy of representation). *Id.*

If these requirements are met, the Court must then analyze whether the putative class satisfies at least one section of FRCP Rule 23(b)(2) or FRCP Rule 23(b)(3).  *Id.*  Rule 23(b)(2) authorizes a class action when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]"  Rule 23(b)(3), requires that (i) common questions of law or fact predominate (predominance), and (ii) the class action is the superior method of adjudication (superiority)." *Id.* The factors the Court must consider include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Fed.R.Civ.P. 23(b)(3)(A-D).

/ / /

/ / /

DEFENDANT LIFEWATCH'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS
ALLEGATIONS AND DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED AS TO EACH CLAIM FOR RELIEF

## B.    Dismissal is Appropriate Now

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a) (2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); see Fed.R.Civ.P. 12(b)(6).  A dismissal for failure to state a claim is brought under Federal Rule of Civil Procedure Rule 23(a)(6) and may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

When the court reviews a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party.  *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999).   But, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact, or unreasonable inferences.  *Daniels-Hall v. National Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010).  Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  *Koenig v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 179891, 1-3 (E.D. Cal. Dec. 23, 2013). Class allegations must be dismissed if the plaintiff does not meet its burden to

"allege facts sufficient to make out a class." *Picus v. Wal-Mart Stores, Inc*., 256 F.R.D. 651, 655 (D. Nev. 2009)

FRCP 23 (c) (1) dictates that "at an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the class as a class action." And, FRCP 23 (b) (1) (d) dictates that "the likely difficulties in managing a class action" militates in favor of finding that individual issues predominate.  Both provisions suggest that a court may and should address class allegations during the pleading stage.  See *Pilgrim v. Universal Health Card, LLC* 660 F.3d 943 (6th Cir. 2011) (noting that nothing in Rule 23 says that a court must await a motion by plaintiffs to certify the class before defendant may move to strike the class allegations).  In fact, the U.S Supreme Court has explained that under appropriate circumstances, this determination can be made at the pleadings stage. *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues [of class certification] are plain enough from the pleadings…).  It is well-settled that a defendant may move for an order denying class certification, and may use a 12(b)(6) motion as a "procedural preemptive strike" against a putative class action. *Fedotov v. Peter T. Roach & Assocs., P.C.*, 354 F. Supp. 2d 471, 478 (S.D.N.Y. Feb. 3, 2005), citing 5-23 Moore's Federal Practice 3d § 23.82; See *also John v. Nat. Security Fire & Casualty Co.*, 501 F.3d 443, 445 (5th Cir. 2007) (affirming 12(b)(6) dismissal of class allegations; rejecting argument that "dismissal of a class allegation on the pleadings is never proper.")

Further, in *Sanders v. Apple, Inc*., 672 F. Supp. 2d 978 (N.D. Cal. 2009), the District Court struck putative class allegations in response to 12 (b) (6) and 12 (f) motions and explained that "pursuant to Rule 12(f)"…"where the complaint

/ / /

DEFENDANT LIFEWATCH'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS AND DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO EACH CLAIM FOR RELIEF

demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery."

As set forth herein, Plaintiff's complaint is fatally flawed on its face and must be dismissed.

### C. The Complaint's Common Law Negligence and Fraud Theories Preclude Plaintiff from Establishing Commonality, Typicality Predominance, and Superiority

Plaintiff asserts eight causes of action, five of which sound in common law negligence and fraud. Plaintiff asserts that this court has federal question jurisdiction and diversity jurisdiction. On the one hand, Plaintiff states that he "brings this action for damages…under rights created pursuant to federal statute under 28 U.S.C. section 1331 (Federal Question)." See R. Doc. 1, Complaint, Page 1. On the other hand, Plaintiff states "This court has jurisdiction over this action pursuant to 28 U.S.C section 1332 (d)" (Diversity Jurisdiction). See R. Doc. 1, Complaint, Page 3, Paragraph 4.

Irrespective of whether the court begins its choice of law inquiry with federal question jurisdiction or diversity jurisdiction, the result is the same: the common law from every state (in which a putative class member is located) will need to be evaluated and applied in this case. Specifically, where a court has federal question jurisdiction, federal common law applies to the choice of law rule determination. *Schoenberg v. Exportadora de Sal, S.A. de C.V.*, 930 F.2d 777, 782 (9th Cir. Cal. 1991). And, given that the federal common law follows the Second Restatement choice of law approach, there is a presumption that the law of the place where the injury occurred (i.e. where the putative class member received the offending phone call) applies. Id.

/ / /

DEFENDANT LIFEWATCH'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS AND DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO EACH CLAIM FOR RELIEF

Furthermore, a federal court sitting in diversity applies the conflict-of-law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). California applies the governmental interest approach to conflict of law questions. *Zinser v Accuflex Research Inst. Inc.*, 253 F. 3d 1180, 1189 (9th Cir. 2001). In *Lewallen v. Medtronic USA, Inc*., 2002 U.S. Dist. LEXIS 20153 (N.D. Cal. Aug. 28, 2002), which involved a putative class action with common law fraud and negligence claims, the Northern District  - sitting in diversity - held that "the proposed class is nationwide, and therefore, each of the fifty states may have an interest in seeing that its law is applied in an action involving one of its own injured citizens…Plaintiffs have failed to establish that there are predominant common questions of law."

Here, Plaintiff cannot satisfy Rule 23(a)'s commonality or typicality requirements nor can Plaintiff satisfy Rule 23(b)'s predominance, commonality or superiority requirements because Plaintiff's common law claims would break down into innumerable state-specific issues that could not be tried commonly across the class and that would create incurable case management problems.  In *Zinser v Accuflex Research Inst. Inc.*, 253 F. 3d 1180, 1189 (9th Cir. 2001), the 9th Circuit affirmed the denial of class certification - where the causes of action sounded in negligence - and held that "where the applicable law derives from the law of the 50 states, as opposed to a unitary federal cause of action, differences in state law will compound the disparities among class members from different states" and "may swamp any common issues and defeat predominance."  And, in *Lewallen v. Medtronic USA, Inc*., 2002 U.S. Dist. LEXIS 20153 (N.D. Cal. Aug. 28, 2002), the District Court denied certification in a case involving fraud and negligence claims and explained that "the complexities of class action treatment outweigh[ed] the benefits of considering common issues in one trial" because

"each class member [would have to] litigate numerous and substantial separate issues to establish his or her right to recover individually."  The District Court also explained that "in view of the potential application of the laws of multiple states and the individual questions regarding each individual class member's entitlement to relief, class treatment is not superior to individual adjudications."

Common law fraud claims requiring reliance are rarely certified, as individual issues would overwhelmingly predominate the action. *See Gonzalez v. Proctor and Gamble Co.*, 247 F.R.D. 616, 624 (S.D. Cal. 2007) ("a fraud class action cannot be certified when individual reliance will be an issue," quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996)); *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 656 (C.D. Cal. 1996) ("it seems particularly unwise for the Court to certify a class action where fraud is one of the principal claims set forth by plaintiffs"); *In re ZZZZ Best Securities Litigation*, No. CV-87-3574-RSWL, 1994 WL 675160, *8 (C.D.Cal. May 25, 1994) ("the courts of this circuit that required a showing of individual reliance in state fraud claims … have generally refused to initially certify common law fraud claims because individual issues predominate over common issues"); *Martin v. Dahlberg, Inc.*, 156 F.R.D. 207, 217 (N.D. Cal. 1994) ("individualized questions of reliance … preclude certification of plaintiffs' class for purposes of resolving these claims"). In fact "[t]he Advisory Committee, in commenting on Rule 23(b)(3), has noted that although having some common core, a fraud case may be unsuited for treatment as a class action if there were material variations in the representations made or in the kinds or degree of reliance by persons to whom they were addressed.'" *Horowitz v. Pownall*, 105 F.R.D. 615, 619 (D. Md. 1985) (quoting Fed.R.Civ.P.23(b)(3), Adv. Comm. note; 39 F.R.D. at 103 (1966)).

/ / /

DEFENDANT LIFEWATCH'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS AND DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO EACH CLAIM FOR RELIEF

Further, in *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009), the court granted defendant's 12(b) (6) and 12(f) motions to dismiss plaintiff's putative class action complaint based, in part, on plaintiff's common law fraud theories of liability, which the court explained are "difficult to maintain on a nationwide basis and rarely are certified."

And, *In re Rhone-Poulenc Rorer*, Inc. 51 F. 3d 1293, 1300 (7th Cir. 1995), the 7th Circuit decertified a class and explained that "the law of negligence, including subsidiary concepts such as duty of care, foreseeability, and proximate cause, may . . . differ among the states only in nuance[,] . . .[b]ut nuance can be important."  Notably, the Rhone court also explained that when faced with significant differences in state laws, district courts may not make new substantive law in the service of facilitating aggregated litigation.  In that case, the district court certified a nationwide negligence class, intending to apply a single "Esperanto"-like jury instruction covering the laws of all 50 states, despite not being the "actual law of any jurisdiction." Using such a hybrid jury instruction, the Seventh Circuit held, was flatly prohibited.  *Id*.

Similarly, Plaintiff in this case will be unable to satisfy Rule 23 because common law variation from state to state will create inevitable and overwhelming confusion for the jury, prevent efficient case management by the court, and will deprive Defendants of their due process rights.

    **2.**    **Plaintiff's Counsel has a Close Relationship with Named Plaintiff and a Conflict of Interest.  Accordingly, the Rule 23 (a) Adequacy of Representation Requirement cannot be Satisfied**

    **A.**    **Attorney Simoni Cannot Act as Putative Class Counsel nor Can Mr. Sacchi Serve as Lead Plaintiff**

Putative class attorney Stephen Simoni is the putative class representative's spouse.  Moreover, Attorney Simoni is a co-signer/co-obligor of the credit card

used to purchase a Lifewatch Inc. product during the course of an offending call giving rise to this litigation.  (Exhibit A).

Federal Courts apply state law in determining whether to disqualify an attorney.  *In re County of Los Angeles*, 223 F. 3d. 990, 995 (9th Cir. 2000).  As the California District Court noted in *Martin v AT&T Wireless Corp*. 2008 U.S. DIST. LEXIS 119831 (E.D Ca. 2008), "California courts and federal courts alike are concerned by the potential conflict of interest that arises where a class representative is closely related to the class attorney."  The *Martin* court declared that "the general rule is that it is improper for an attorney to represent a class when the named plaintiff is the attorney's spouse or child.  Id. at *3, citing *Apple Computer, Inc. v. Sup. Ct.*, 126 Cal. App. 4th 1253, 1264, 24 Cal. Rptr. 3d 818 (2nd Dist. 2005).  Accordingly, the *Martin* court disqualified counsel (before the motion to certify the class) where defendant demonstrated that counsel was married to and cohabitated with lead plaintiff.

The three chief reasons underlying courts' rational for disqualifying putative class counsel when he or she has a close relationship with the representative plaintiff are: First, the close relationship creates a conflict of interest between class counsel and the unnamed class members, especially when the potential fee recovery exceeds the amount that each potential class member might recover.  In *Apple Computer v Sup. Ct.*, the court explained "as class representative, plaintiff is obligated to seek the maximum recovery for the putative class, but plaintiff…may have an interest in maximizing their recovery of attorneys' fees."  Id. at 1261.  Notably, there is a presumption that a class representative who is closely related to class counsel will not monitor class counsel to protect the interests of the unnamed class members and will, in effect, give class counsel unfettered discretion in prosecuting the case.  *Charal v Andes* 81 FRD. 99, 102 (E.D. Pa. 1979).  Second,

10

the close relationship necessarily compromises the attorney's ability to view the litigation "objectively in the context of the entire class" as required by FRCP 23 (a)(4).  *Lyon v State of Arizona* 80 F.R.D 665, 668 (D. Az. 1978).   As the *Lyon* court explained, "when counsel himself has a special interest in one aspect of the litigation or where counsel has a close relationship with one who has such a special interest, that objectivity no longer exists." Id.  And third, allowing an attorney close to the putative class representative to act as class counsel creates an impermissible appearance of impropriety.  *Kramer v Scientific Control Corp*. 534 F. 2d 1085 (3rd Cir. 1976).

Given the close relationship between named plaintiff and Attorney Simoni and the critical fact that the credit card used by named plaintiff to purchase a Lifewatch product (during an offending phone call) was shared with Attorney Simoni, Attorney Simoni must be disqualified.  In essence, the relationship between Mr. Sacchi and Attorney Simoni gives rise to an impermissible conflict of interest, compromises Attorney Simoni's ability to objectively view the litigation in the context of the entire class, and creates an impermissible appearance of impropriety.  Thus, Plaintiff cannot satisfy Rule 23 (a) "adequacy of representation" requirement.

> **B.**   **Setting Aside Attorney Simoni's Close Relationship with Mr. Sacchi, Attorney Simoni's Financial Stake in the Outcome Requires His Disqualification and Means that the "Adequacy of Representation Prong Cannot be Met"**

Attorney Simoni is a co-signer/co-obligor of the credit card used to purchase a Lifewatch Inc. product during the course of an offending call giving rise to this litigation.  (Exhibit A).  This fact alone requires disqualification.  In *United States v. Murray*, 2013 U.S. Dist. LEXIS 33394 (N.D. Cal. Mar. 11, 2013), the court disqualified counsel because he had a financial stake in the outcome of the

DEFENDANT LIFEWATCH'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS AND DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO EACH CLAIM FOR RELIEF

litigation due to his interest in the funds at issue.  In determining that counsel should be disqualified, the *Murray* court was guided by the ABA Model Rules of Professional Conduct.  Id.

Section 1.8(i) (entitled "Conflict of Interest") of the ABA Model Rules dictates, in relevant part:  "A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client…"  Attorney Simoni's conduct runs afoul of this ethical cannon and presents a conflict of interest necessitating his disqualification.  Accordingly, Plaintiff cannot satisfy Rule 23's adequacy of counsel requirement.

### 3.    Plaintiff has failed to plead the elements necessary to sustain TCPA claims.

In order to sustain a TCPA claim Plaintiff must plead, *inter alia*: 1) that Defendant made the calls; and 2) the calls were made using any automatic telephone dialing system "ATDS" or an artificial or prerecorded voice. See, 47 U.S.C § 227, et seq.  A plain reading of Plaintiff's complaint indicates that Plaintiff has failed to adequately plead these elements.

Plaintiff does not allege that Lifewatch or its CEO made the offending phone calls to Plaintiff.  Rather, plaintiff alleges that he received calls from the Defendants, including John Does 1-10.  Moreover, Plaintiff fails to set forth basic information including a) the telephone number of the caller, b) the specific dates on which the calls were received, c) the number of offending phone calls that were received; d) the telephone number to which the offending calls were placed; e) any information about the nature of the calls (i.e. facts tending to demonstrate that an ATDS or artificial or prerecorded voice was used).

Further, Plaintiff asserts – without any factual support – that he received calls that "utilized an artificial or prerecorded voice to transmit a message as

12

prohibited by 47 U.S.C section 227 (b) (1) (B).  In *Knutson v. Reply*!, Inc., 2011 U.S. Dist. LEXIS 7887 (S.D. Cal. Jan. 26, 2011), the District Court dismissed plaintiff's complaint because he failed to plead more than conclusory allegations as to the "autodialer" or "prerecorded call" prong of the statute.  Relying on *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Kramer v. Autobytel, Inc*., 2010 U.S. Dist. LEXIS 137257 (N.D. Cal. Dec. 29, 2010), the court held that "[a]s an isolated assertion, it is conclusory to allege that messages were sent 'using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.' Such a naked assertion need not be taken as true." *Id*. The court held that the plaintiff's autodialer allegation, standing alone with no other supporting facts, was inadequate because "[t]here is nothing in the complaint that allows the court to infer the calls were randomly generated or impersonal." Id.  Further, in *Ibey v. Taco Bell Corp*., 2012 U.S. Dist. LEXIS 91030 (S.D. Cal. June 18, 2012), the court dismissed plaintiff's complaint, in part, because "[i]n a conclusory manner Plaintiff alleges that Defendant used an ATDS."

Here, plaintiff's threadbare recitals of the elements of his TCPA causes of action, are insufficient to survive a motion to dismiss.

### 4.    Plaintiff Fails to Plead Fraud with Specificity

The elements of common law fraud are: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *AREI II Cases*, 216 Cal. App. 4th 1004 (Cal. App. 1st Dist. 2013).

In alleging fraud or mistake, FRCP R. 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake," including "the who,

DEFENDANT LIFEWATCH'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS AND DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO EACH CLAIM FOR RELIEF

what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The "time, place, and specific content of the false representations" must be set forth in the complaint. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). In addition, "'[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Vess*, 317 F.3d at 1106 (quoting *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc)).  Further, the factual circumstances of the fraud must be pled with particularity. See *Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007).

In *Koenig v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 179891 (E.D. Cal. Dec. 23, 2013), the court dismissed Plaintiff's RICO mail fraud claims and explained that while plaintiff alleges "false foreclosure letters were mailed to targeted homeowners and rental property owners in an effort to acquire the targeted properties, the complaint is otherwise devoid of specific allegations related to the mail fraud."   The *Koenig* court explained that Plaintiff "has not alleged any of the circumstances surrounding the fraud, such as the dates the letters were sent, to whom the letters were sent, who sent the letters on behalf of Defendant, and what statements contained in the letters were false and why those statements are untrue."  The *Koenig* court indicated that this bare fraud allegation "was not specific enough to give defendant notice of the particular misconduct so that it can defend against the charge but instead leaves Defendant to just deny that [it has] done anything wrong." Citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation omitted).

Here, a plain reading of Plaintiff's Complaint indicates that Plaintiff has failed to plead the elements of fraud, let alone do so with the requisite degree of particularity.  More specifically, Plaintiff has failed to allege, *inter alia*, the

14

following basic information in support of the fraud claim: 1) When the offending calls were made (beyond "in or about 2013");  2)The number of offending calls that he received (beyond "multiple"); 3) The telephone number that appeared on his caller ID; 4) The telephone number that received the offending calls; 5) Information about what was said during the phone calls; 6) Information about what products or services were purchased; 7) Information about defendants' intent and knowledge; 8) Information about what fraudulent statements or acts "caused Plaintiff to purchase products and services from Company that Plaintiff otherwise would not have purchased;" 9) Information about what statements were relied upon; 10) Information about whether the products or services were somehow defective or improper.

Accordingly, far from being specific and particularized, Plaintiff's fraud allegations are vague, conclusory, and inadequate, and must be dismissed.

### 5.   <u>Plaintiff's Negligence Claims are Not Cognizable</u>

Causes of Action 1, 3, 5, and 8 sound in negligence.  A plaintiff pleading common law negligence must generally allege the following elements: duty, breach of duty, causation and damages.  *Castellon v. U.S. Bancorp*, 220 Cal. App. 4th 994 (Cal. App. 2d Dist. 2013).

In essence, Plaintiff pleads that defendants "negligently" violated the Telephone Consumer Protection Act.   But, plaintiff has not properly pled the negligence elements.  Furthermore, a plain reading of the Telephone Consumer Protection Act indicates that the word "negligence" does not appear and the statute does not allow for a reasonableness or negligence assessment.  See, 47 U.S.C § 227, et seq.  Accordingly, these are simply not cognizable causes of action.   See, *Alea London Ltd. v. Am. Home Servs*., 638 F.3d 768 (11th Cir. Ga. 2011) (explaining that "the TCPA is essentially a strict liability statute…").  Given that

Plaintiff has not properly pled negligence and that Plaintiff's negligence-based causes of action are not cognizable, they should be dismissed.

## III.   CONCLUSION

For the reasons set forth herein, the class allegations in Plaintiff Complaint must be stricken pursuant to FRCP. R. 12(f); and Plaintiff's Complaint must be dismissed in its entirety, and with prejudice, pursuant to FRCP. R. 12(b) (6).

DATED:  January 6, 2014.                ARMSTRONG & ASSOCIATES, LLP

By:_____/s/ William H. Armstrong_____
William H. Armstrong, SBN 40650
One Kaiser Plaza, Suite 625
Oakland, California  94612
Telephone:  (510) 433-1830
Facsimile:  (510) 433-1836

Attorneys for Defendant
Lifewatch Inc.

DEFENDANT LIFEWATCH'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS AND DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO EACH CLAIM FOR RELIEF

## CERTIFICATE OF SERVICE

*John Sacchi vs. LIFEWATCH INC.et al.*
U.S. District Court, Central District of California
Case No. CV 13-02064-JGB-SP

I hereby certify that a true and correct copy of the foregoing was served on all counsel registered to receive a Notice of Electronic Filing by electronically serving the document via the United States District Court Electronic Case filing website (CM/ECF notification system) for this case on this 6th day of January 2014.


        /s/ William H. Armstrong
        William H. Armstrong