Jason P. Sultzer (*pro hac vice*)
Joseph Lipari (*pro hac vice* pending)
**The Sultzer Law Group, P.C.**
77 Water Street, 8th Floor
New York, New York 10005
Telephone: 845-705-9460
Facsimile: 888-749-7747
sultzerj@thesultzerlawgroup.com

William H. Armstrong
**Armstrong & Associates LLP**
One Kaiser Plaza, Suite 625
Oakland, California 94612
Telephone: 510 433-1191
Facsimile: 510 433-1836
Bill.Armstrong@Armstrongetal.com

Attorneys for Defendant
EVAN SIRLIN

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DONACA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LIFEWATCH INC. ("LIFEWATCH"), EVAN SIRLIN, Individually and as Chief Executive officer of LIFEWATCH, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV 13-02064-JGB-SP<br><br>Hon. JESUS G. BERNAL<br><br>**DEFENDANT EVAN SIRLIN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED, AND TO STRIKE CLASS ALLEGATIONS**<br><br>[F.R.C.P. 12(b)(2), 12(b)(6), and 12(f)]<br><br>Date: March 10, 2014<br>Time: 9:00 a.m<br>Ctrm.: 1<br>Complaint Filed: November 8, 2013<br>Amended Complaint Filed: January 23, 2014 |

**TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................I

TABLE OF AUTHORITIES..................................................................II-IV

    SUMMARY OF PLAINTIFF'S ALLEGATIONS...............................1

    SUMMARY OF EVAN SIRLIN'S ARGUMENT............................1-4

    ARGUMENT..........................................................................................4

I. All Claims Against Mr. Sirlin Must Be Dismissed For Lack Of Personal Jurisdiction........................................................................4

    1. Legal Standard for Personal Jurisdiction................................4-5

    2. Mr. Sirlin Is Not Subject To General Personal Jurisdiction.......5-7

    3. Mr. Sirlin Is Not Subject To Specific Personal Jurisdiction.......7-8

        i. Mr. Sirlin has not purposefully availed himself of the privileges of conducting activities in California.................8-9

        ii. Sirlin's contacts with California, if any, are not the "but for" cause of Plaintiff's claims against him...............................9-10

        iii. The exercise of jurisdiction over Mr. Sirlin would be unreasonable.....................................................................10-11

    4. Mr. Sirlin's Role as CEO of LifeWatch Is Not a Valid Basis Upon Which to Assert Personal Jurisdiction.......................................11-13

II. Plaintiff's Class Allegations are Fatally Flawed on their Face and, Pursuant to FRCP 12 (f), must be Stricken Now.............................13-14

III. Plaintiff's Amended Complaint is Fatally Flawed on its Face and must be Dismissed Pursuant to FRCP 12(b) (6)...........................................14

    CONCLUSION.....................................................................................15

# TABLE OF AUTHORITIES

### Cases

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
223 F.3d 1082, 1086 (9th Cir. 2000)..................................................................6, 9

*Birzer v. Jockey's Guild, Inc.*,
444 F. Supp. 2d 1005, 1008 (C.D. Cal. 2006)..................................................4, 5, 6

*Brand v. Menlov Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986)..........................6

*Brown v. General Steel Domestic Sales, LLC*,
2008 U.S. Dist. LEXIS 97832, 36-37 (C.D. Cal 2008).........................................2

*Brown v. General Steel Domestic Sales, LLC*,
2008 WL 2128057, at *12 (C.D. Cal. May 19, 2008).........................................12

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462, 476, 105 S. Ct. 2174, 85 L.Ed 2d 528 (1985)..............................10

*Calder v. Jones*, 465 U.S. 783, 79 L.Ed.2d 804, 104 S.Ct. 1482 (1984)..............8

*Clerkin v. MyLife.com, Inc.*,
2011 U.S. Dist. LEXIS 90552 (N.D. Cal. Aug. 15, 2011).............................12, 13

*Core-Vent Corp. v. Nobel Indus.*, 11 F.3d 1482, 1486 (9th Cir. 1993).................11

*Data Disc, Inc. v. Systems Technology Associates, Inc.*,
557 F.2d 1280, 1284 (9th Cir. 1977)....................................................................2

*Davis v. Metro Prod., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989)......................11, 12

*Gates Lear Jet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984)..................6

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,
328 F.3d 1122, 1129 (9th Cir. 2003)....................................................................4

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
466 U.S. 408, 414-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)............................5

*Hirsch v. Blue Cross, Blue Shield of Kansas City*,
800 F.2d 1474, 1478 (9th Cir. 1986)................................................................6, 8

*International Shoe Co. v. Washington,*
326 U.S. 310, 316, 66 S.Ct. 154, 90 L.ED. 95 (1945).................................................5

*Just Film, Inc. v. Merch. Servs.,*
2010 U.S. Dist. LEXIS 130230 (N.D. Cal. Nov. 29, 2010).............................13

*Keeton v. Hustler Magazine, Inc.,*
465 U.S. 770, 781, n. 13, 103 S.Ct. 1473, 79 L.Ed.2d 790 (1984)....................12

*Kirsch v. Cuadra,* 2005 U.S. Dist. LEXIS 25386 (N.D. Cal. 2005).....................8

*Menken v. Emm,* 503 F.3d 1050, 1056 (9th Cir. 2007).........................................4

*Schwarzenegger v. Fred Martin Motor Co.,*
374 F.3d 797, 801 (9th Cir. 2004)....................................................................5, 7

*Shute v. Carnival Cruise Lines,* 897 F.2d 377, 385 (9th Cir. 1990)...................10

*Terracom v. Valley Nat. Bank,* 49 F. 3d 555, 560 (9th Cir. 1995)........................8

*Tuazon v. R.J. Reynolds Tobacco Co.,*
433 F.3d 1163, 1172 (9th Cir. 2006).................................................................6, 7

*United States Liability Ins. Co. v. Haidinger-Hayes, Inc.,*
1 Cal.3d 586, 595 (1970)......................................................................................11

*Washington Shoe Co., v. A-Z Sporting Goods, Inc.,*
704 F.3d 668, 672 (9th Cir. 2012)........................................................................8

*Wolf Designs, Inc. v. DHR & Co.,* 322 F.Supp.2d 1065, 1072 (C.D. Cal. 2004)....11

*World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295 (1980)...............8

*Yahoo! Inc. v. La Ligue Contre Le RAcisme Et L'Antisemitisme,*
433 F.3d 1199, 1205 (9th Cir. 2006)............................................................5, 7, 8

*Ziegler v. Indian River County,* 64 F.3d 470, 474 (9th Cir. 1995)................10, 11

Statutes

Cal. Civ. Code § 410.10.......................................................................................4

Federal Rules of Civil Procedure, Rule 12(b)(2)..................................................1

Federal Rules of Civil Procedure, Rule 12(b)(6)..................................................1

Federal Rules of Civil Procedure, Rule 12(f).....................................................1

FRCP. R. 12 (b) (2).........................................................................................2, 9

FRCP 12 (f)..........................................................................................................13

FRCP. R. 23......................................................................................................3, 14

FRCP. R. 12(f)....................................................................................................15

FRCP. R. 12(b) (6)............................................................................................15

Rule 23 (a)(2)...................................................................................................3, 14

Rule 23 (b)(3)...................................................................................................3, 14

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on Monday, March 10, 2014, at 9:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 1 of the above-entitled Court located at 3470 Twelfth Street, Riverside, California, Defendant EVAN SIRLIN ("Defendant" or "Mr. Sirlin") will, and hereby does, move this Court for an Order dismissing the Amended Complaint, with prejudice, for lack of personal jurisdiction and failure to state claims upon which relief can be granted.

This motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(2) because, *inter alia*, Mr. Sirlin's contacts with California and his activities are insufficient for the court to exercise personal jurisdiction over him. This motion is also brought pursuant to 12 (b) (6) and 12 (f).

This motion is based upon the Notice of Motion, the attached Memorandum of Points and Authorities, and the Declaration of Defendant Evan Sirlin, and on all pleadings, records, and papers on file herein, as well as such other oral and/or documentary evidence as may be presented at or before the time of hearing.

This Motion is made following the conference of counsel, pursuant to Local Rule 7-3, which took place on February 5, 2014.

## MEMORANDUM OF POINTS AND AUTHORITIES

### SUMMARY OF PLAINTIFF'S ALLEGATIONS.

Plaintiff Matthew Donaca ("Plaintiff" or "Donaca") alleges that LIFEWATCH, INC. ("Lifewatch") and its CEO, Mr. Sirlin, made "illegal telephone solicitations by which it markets its products and service, illegal RoboCalls, and illegal use of Caller ID Spoofing." (Exhibit A, Amended Complaint, ¶2).

### SUMMARY OF EVAN SIRLIN'S ARGUMENT.

Mr. Sirlin is an individual, domiciled in New York, who has lived there continuously since 1971. Mr. Sirlin has no contact with California and thus the court cannot exercise personal jurisdiction over him. (See Exhibit B, Declaration of Evan

1

Sirlin ("Sirlin Decl.").[1] Further, the Complaint does not adequately – or with the requisite degree of specificity - allege that Mr. Sirlin had specific, concerted participation in or control over the activities at issue (i.e. that Mr. Sirlin was the "guiding spirit" behind the allegedly tortious activities).

Notably, in *Brown v. General Steel Domestic Sales, LLC* 2008 U.S. Dist. LEXIS 97832, 36-37 (C.D. Cal. 2008), this District Court stated that if a corporation is subject to jurisdiction in the forum state, "it does not necessarily confer jurisdiction over its individual officers. Instead, the court must examine the individual's contacts with the forum to determine if they are sufficient to warrant the exercise of jurisdiction over him in connection with forum-related claims." In *Brown*, the plaintiff argued that the corporate defendant's president "formulates, controls, directs, supervises, perpetuates, manages and has knowledge of the practices and policies of [the corporation]." *Id.* at 39. Plaintiff further asserted that defendant's president "knew or should have known of sales practices used by salespeople on his or [the corporation's] behalf." *Id.* This District Court granted the 12 (b) (2) motion and held that "[a]t most, these allegations indicate that [defendant's president] plays a broad managerial role within the company; they in no way suggest that he was the guiding spirit for the corporation's actions." *Id.*

As set forth below and in Mr. Sirlin's annexed affidavit, Mr. Sirlin has a broad managerial role within the corporation. He did not make the offending phone calls nor did he cause the offending phone calls to be made. Accordingly, the court cannot exercise general or specific personal jurisdiction over Mr. Sirlin and all claims against him must be dismissed pursuant to FRCP. R. 12 (b) (2).

Furthermore, the following points militate in favor of immediately striking the

---

[1] A court may consider declarations upon a motion to dismiss for lack of personal jurisdiction. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

Plaintiff's class allegations now pursuant to **FRCP 12(f)**:

1) The issue of whether the putative class members provided Lifewatch with "prior consent" for telephone solicitations has no common answer and is therefore incapable of classwide resolution. Accordingly, the proposed class is improper.

2) The proposed class is not ascertainable and is *per se* incapable of certification because it is impermissibly "fail-safe."

3) As set forth in the affidavit of Lifewatch's CEO, Evan Sirlin (and as Plaintiff concedes in his Amended Complaint) Lifewatch does not make telemarketing calls. Vicarious liability for TCPA violations hinges entirely upon the fact-specific relationship between Lifewatch and each of the numerous entities that may have made telemarketing calls to Donaca or the putative class members. Accordingly, such highly individualized issues render the proposed class improper.

4) Plaintiff cannot possibly show that his common law causes of action (i.e. conversion and trespass) are properly maintainable under FRCP. R. 23 in a putative nationwide class action. Application of all 50 states' varying conversion and trespass common law standards in a single case, and the need to resolve disputes as to the correct state-specific interpretations of these varying common law standards necessarily injects intractable case management problems and ensures that individual issues predominate over common issues. These variations in state law necessarily defeat the typicality and commonality requirements under Rule 23 (a)(2), and necessarily defeat the predominance, superiority, and manageability requirements under Rule 23 (b)(3).

Furthermore, the following points militate in favor of immediately dismissing the Amended Complaint pursuant to **FRCP 12(b) (6)**:

1) Plaintiff failed to plead the elements necessary to sustain TCPA claims.
2) Plaintiff failed to adequately plead the conversion claim. Furthermore, Plaintiff's conversion claim is simply not cognizable.
3) Plaintiff failed to adequately plead the trespass to chattel claim. Furthermore, Plaintiff's trespass to chattel claim is simply not cognizable.

## ARGUMENT

### I. All Claims Against Mr. Sirlin Must Be Dismissed For Lack of Personal Jurisdiction.

#### 1. Legal Standard for Personal Jurisdiction.

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action for lack of personal jurisdiction. When a nonresident defendant raises a challenge to personal jurisdiction on a motion to dismiss, the plaintiff bears the burden to establish that jurisdiction is proper. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which it sits. *See* Fed. R. Civ. Pro. 4(k)(1)(A); *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). Here, there is no applicable federal statute governing personal jurisdiction for the alleged actions and thus this Court should look to California's long-arm statute in determining whether there is personal jurisdiction over Mr. Sirlin. California's long-arm statute allows courts to exercise jurisdiction over a defendant "on any basis not inconsistent with the Constitution of this State or of the United States." Cal. Civ. Code § 410.10. Therefore, California courts consider whether the assertion of personal jurisdiction over the defendant violates the Due Process Clause of the United States Constitution. *Birzer v. Jockey's Guild, Inc.*, 444 F. Supp. 2d 1005, 1008 (C.D. Cal. 2006). Accordingly, in order for this Court to properly exercise personal jurisdiction over Mr. Sirlin, it must be shown that Mr. Sirlin has "certain minimum contacts" with

California "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.ED. 95 (1945).

There are two bases for personal jurisdiction over a non-resident defendant: "(1) 'general jurisdiction' which arises when a defendant's contacts with the forum state are so pervasive as to justify the exercise of jurisdiction over the defendant in all matters; and, (2) 'specific jurisdiction' which arises out of a defendant's contacts with the forum state giving rise to the subject litigation." *Birzer, supra*, 444 F. Supp. 2d at 1008. "Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes, a forum may exercise only 'specific' jurisdiction – that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim." *Yahoo! Inc. v. La Ligue Contre Le RAcisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).

As set forth below, Mr. Sirlin is not subject to either general or specific jurisdiction in California. Accordingly, the Court should dismiss all claims in the Amended Complaint against him.

**2. Mr. Sirlin Is Not Subject To General Personal Jurisdiction.**

Mr. Sirlin is not subject to general personal jurisdiction in California because he has no contact with the state. For general jurisdiction to exist over a nonresident defendant, the individual defendant must have engaged in "continuous and systematic general business contacts" that "approximate physical presence" in the forum state. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). The claim for relief need not be related to those contacts, but the contacts must be "substantial". *Helicopteros Nacionales de Colombia, S.A., v. Hall*, 466 U.S. 408, 414-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (general jurisdiction exists when a defendant is domiciled in the forum state or his activities there are "substantial" or

"continuous and systematic.") In the Ninth Circuit, this standard is high. *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir 2000); *Gates Lear Jet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984).

In determining whether systematic and continuous contact exists to support the exercise of general jurisdiction, courts consider whether the defendant makes sales, solicits, or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there. *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986); *Birzer, supra*, 444 F. Supp. 2d at 1009 (holding that the court could not exercise general jurisdiction over a non-resident defendant even though the defendant had contact with a California resident and conducted sales and marketing activity through an agent in California); *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006) ("Longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets are among the indicia of such a presence").

Here, the Amended Complaint is wholly bereft of any allegations that Mr. Sirlin is domiciled in California or has any contact at all with the state, much less the "substantial" or "continuous and systematic" contact required for general jurisdiction.

Moreover, as demonstrated by his declaration, Mr. Sirlin: a) does not have an office or place of business in the State of California; b) does not live in California; c) does not hold title to any real property in California; d) does not maintain any bank accounts or other financial accounts in California; e) does not pay taxes in California; f) does not have telephone listings in California; g) goes not have any agents, servants or employees that live in California; h) is not qualified, authorized, licensed, or chartered to do business in California; i) does not maintain a post office box or other mailing address in California; and j) does not visit California for business purposes,

including without limitation, in his role as CEO of LifeWatch. (Exhibit B, Sirlin Decl).

None of the indicia of "presence" as recognized by the Ninth Circuit to exercise general jurisdiction, such as "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets" exist as to Mr. Sirlin because he has no contact with California. *Tuazon, supra,* 433 F.3d at 1172. Mr. Sirlin performs his job duties and responsibilities as Lifewatch's CEO from New York, not California. (Exhibit B, Sirlin Decl). The Sirlin Declaration demonstrates that Mr. Sirlin does not have substantial or continuous and systematic contacts with the state such that general jurisdiction is proper.

### 3. Mr. Sirlin is Not Subject To Specific Personal Jurisdiction.

Mr. Sirlin has no contact within California and has not personally availed himself of the privileges and benefits of transacting business in the state. Thus, he is not subject to specific personal jurisdiction in California. The Ninth Circuit analyzes specific jurisdiction according to a three-prong test: (1) the nonresident defendant must purposefully direct his activities at the forum state or purposefully avail himself of the benefits and protections of the laws of the forum state, (2) the claim must be one which arises out of or relates to the defendant's forum-related activities, and (3) the exercise of personal jurisdiction must be reasonable. *Yahoo! Inc., supra,* 433 F.3d at 1205-1206. Plaintiff bears the burden of satisfying the first two prongs of the test. *Schwarzenegger, supra,* 374 F.3d at 802.

To satisfy the first prong, a plaintiff must demonstrate that the defendant "either purposefully availed itself of the privilege of conducting activities in the forum, or purposefully directed its activities at the forum." *Washington Shoe Co., v. A-Z Sporting Goods, Inc.,* 704 F.3d 668, 672 (9th Cir. 2012). This "purposeful direction/purposeful availment" prong is analyzed under the three-part "effects" test set forth in *Calder v. Jones,* 465 U.S. 783, 79 L.Ed.2d 804, 104 S.Ct. 1482 (1984),

which requires the plaintiff to demonstrate that the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Yahoo! Inc., supra*, 433 F.3d at 1206.

### i. Mr. Sirlin has not purposefully availed himself of the privileges of conducting activities in California.

The allegations related to Mr. Sirlin cannot meet the requirements of the effects test and, therefore, cannot satisfy the first prong of the specific jurisdiction analysis. The "purposeful availment" requirement is satisfied if the defendant has taken deliberate action within the forum state or directed his activities towards California. *Hirsch, supra*, 800 F. 2d at 1478. The fact that it is foreseeable that a defendant's conduct would cause injury in California is insufficient by itself to subject him to jurisdiction. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980); *Terracom v. Valley Nat. Bank*, 49 F. 3d 555, 560 (9th Cir. 1995). Rather, "[t]he forseeability that is critical to due process analysis…is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp., supra*, 444 U.S. at 297. This requirement prevents the exercise of jurisdiction over defendants by way of "random, fortuitous, or attenuated contacts." *Id.*

Here, the allegations related to Mr. Sirlin are broad, conclusory and wholly insufficient to establish that he committed any intentional, deliberate act expressly aimed at California. In *Kirsch v. Cuadra* 2005 U.S. Dist. LEXIS 25386 (N.D. Cal. 2005), plaintiff sued a limited liability company and its employee, alleging that they violated the Telephone Consumer Protection Act by sending unsolicited advertisements to plaintiff's fax machine. The court granted individual defendant's 12 (b) (2) motion, concluding that Plaintiff's conclusory allegations were insufficient to demonstrate that the individual defendant purposefully availed

himself of the privilege of conducting activities in California or that he purposefully directed his conduct toward California. *Id.* at 24. Here, plaintiff similarly fails to plead or proffer statements or facts demonstrating, as a threshold matter, that this court can exercise personal jurisdiction over Mr. Sirlin.

There is no logical support for the proposition that Mr. Sirlin engaged in conduct specifically targeted towards California simply by virtue of being Lifewatch's CEO. As CEO, Mr. Sirlin's job duties entailed – at all relevant times - reporting to the board of directors, creating the corporation's overall vision, formulating the corporation's overall business plan, overseeing business operations, and creating and spearheading opportunities for expansion and business development. (Exhibit B, Sirlin Decl., ¶ 2). Thus, actions, *if any*, by Mr. Sirlin relating in any way to California were merely incidental to his obligations to perform his duties. Therefore, Mr. Sirlin has not had any contacts with California that could constitute "purposeful availment." Under these circumstances, where Mr. Sirlin has no contact with California, has not purposefully availed himself of the benefits of the state, and has not injected himself into specific forum-related activity, he simply cannot be subject to specific personal jurisdiction in California.

### ii. Sirlin's contacts with California, if any, are not the "but for" cause of Plaintiff's claims against him.

The second requirement for specific jurisdiction is that "the contacts constituting purposeful availment must be the ones that give rise to the current suit. This requirement has been construed as 'but for' causation". *Bancroft & Masters, Inc., supra,* 223 F.3d at 1087 (*citing Ziegler v. Indian River County*, 64 F.3d 470, 474 (9th Cir. 1995). The "but for" test requires that there be some nexus between the cause of action and the defendant's activities in the forum. *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385 (9th Cir. 1990). Since Plaintiff has not alleged any contacts or activities that Mr. Sirlin has within California that could constitute "purposeful

availment," there is no "but for" causation here. The allegations, as pled, do not relate to any actions by Mr. Sirlin in California.

### iii. The exercise of jurisdiction over Mr. Sirlin would be unreasonable.

For jurisdiction to be reasonable, it must comport with fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S. Ct. 2174, 85 L.Ed2d 528 (1985). The reasonableness determination requires the consideration of several specific factors: (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and, (7) the existence of an alternative forum. *Ziegler, supra*, 64 F.3d at 474-75.

Here, none of these specific factors apply to Mr. Sirlin. As demonstrated by the Sirlin Declaration, Mr. Sirlin did not extensively interject himself in activity in California. Second, it would be burdensome for Mr. Sirlin to defend the case in California. Mr. Sirlin would undoubtedly have to travel to California if the litigation proceeds here against him. Even if, arguendo, the burden on Mr. Sirlin is equal to the burden that litigating in New York would impose on Plaintiff, the case should still be litigated in New York, or elsewhere. See, *Ziegler, supra*, 64 F.3d at 475 (holding that where the burden imposed on defendants by litigating in the forum would be equal to litigating elsewhere, this factor should weigh in favor of defendants).

The remaining factors should resolve in Mr. Sirlin's favor because Plaintiff's Amended Complaint does not include allegations suggesting a potential conflict with California's and any other state's sovereignty or facts demonstrating the importance of a California forum to Plaintiff's interest in convenient and effective relief. Indeed,

inconvenience to the plaintiff is generally given little weight. *Ziegler, supra*, 64 F.3d at 476; *Core-Vent Corp. v. Nobel Indus.*, 11 F.3d 1482, 1486 (9th Cir. 1993) ("A mere preference on the part of the plaintiff for its home forum does not affect the balancing [of the reasonableness factors]"). As to the final factor, Plaintiff bears the burden of proving that an alternative forum is unavailable. *Core-Vent Corp., supra*, 11 F.3d at 1490. Plaintiff simply cannot meet this burden as this action could be litigated in New York. Accordingly, the three-prong test for specific personal jurisdiction cannot be satisfied as to Mr. Sirlin and the Complaint should be dismissed as to Mr. Sirlin.

### 4. Mr. Sirlin's Role as CEO of LifeWatch Is Not a Valid Basis Upon Which to Assert Personal Jurisdiction.

Plaintiff makes only broad, general allegations against Sirlin, which Mr. Sirlin has specifically denied and refuted. Without more, the fiduciary shield doctrine applies to Sirlin, which states that "a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to assert [specific] jurisdiction over the person." *Davis v. Metro. Prod., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989); *see also United States Liability Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal.3d 586, 595 (1970) ("Directors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position[.]") In other words, "the corporate form serves as a shield for the individuals involved for purposes of liability as well as jurisdiction[.]" *Id.* The doctrine is subject to two exceptions: "(1) where the corporation is the agent or alter ego of the individual defendant; or (2) by virtue of the individual's control of, and direct participation in, the alleged activities." *Wolf Designs, Inc. v. DHR & Co.*, 322 F.Supp.2d 1065, 1072 (C.D. Cal. 2004).

Here, Plaintiff does not allege that LifeWatch is the alter ego of Mr. Sirlin. Moreover, the averments related to Mr. Sirlin are simply too vague and conclusory to suggest that he has the requisite degree of participation or control in the activities giving rise to Plaintiff's causes of action. Cases within the Ninth Circuit that have

found jurisdiction and/or personal liability on the part of corporate officers have involved "instances where the defendant was the 'guiding spirit' behind the wrongful conduct … or the 'central figure' in the challenged corporate activity.'" *Davis, supra*, 885 F.2d at 524. Here, however, Plaintiff does not allege that Mr. Sirlin was the "guiding spirit" or "central figure" in the corporate activities at issue. At most, Plaintiff's allegations indicate that Mr. Sirlin plays a broad, managerial role within the company. *See Brown v. General Steel Domestic Sales, LLC*, 2008 WL 2128057, at *12 (C.D. Cal. May 19, 2008) (ruling that the "mere fact that [the individual defendant] is [the corporation's] president is not sufficient to subject him to jurisdiction in California or give rise to an inference that he is the 'guiding spirit' behind the claimed tortious conduct); *see also Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781, n. 13, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) ("…jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him…").

    Plaintiff's allegations that Mr. Sirlin "is the primary, and perhaps the sole, individual who reaps the benefit of the tortious conduct describe herein that is technically carried out only in the Company's name" is too vague and conclusory to create any basis for this court to exercise personal jurisdiction. (Exhibit A, Amended Complaint, ¶ 8); *Clerkin v. MyLife.com, Inc.*, 2011 U.S. Dist. LEXIS 90552 (N.D. Cal. Aug. 15, 2011), (ruling that plaintiffs did not meet their burden to show specific personal jurisdiction over an individual defendant who was the corporate defendant's "Vice President of Emerging Business" where plaintiff's only allegations about him were that he "conspired with" others "to perpetuate" a fraudulent scheme and "personally performed acts" in support of a fraudulent scheme because those allegations "[did] not afford any insight into how [he] controlled or directly participated in the alleged fraudulent scheme"); *Just Film, Inc. v. Merch. Servs.*, 2010 U.S. Dist. LEXIS 130230 (N.D. Cal. Nov. 29, 2010) (ruling

that plaintiffs did not meet their burden to show specific personal jurisdiction over certain individual defendants where plaintiffs alleged only that those individual defendants directed and controlled the entities alleged to have engaged in the wrongful conduct and did not allege how those individual defendants directed or controlled those entities). Plaintiffs in *Clerkin* and *Just Film, Inc.* went much further in alleging specific facts than Plaintiff does here. And, plaintiffs in those cases were unsuccessful in opposing defendants' 12(b)(2) motions. Given Plaintiff's bare-bones allegations and Mr. Sirlin's annexed declaration, the Amended Complaint should be dismissed as to Mr. Sirlin for lack of personal jurisdiction.

## II.    Plaintiff's Class Allegations are Fatally Flawed on their Face and, Pursuant to FRCP 12 (f), must be Stricken Now.

In view of the page limit imposed by the local rule, Mr. Sirlin hereby adopts and asserts each of co-defendant Lifewatch's FRCP 12(f) arguments as if fully set forth herein. Specifically,

1) The issue of whether the putative class members provided Lifewatch with "prior consent" for telephone solicitations has no common answer and is therefore incapable of classwide resolution. Accordingly, the proposed class is improper.

2) The proposed class is not ascertainable and is *per se* incapable of certification because it is impermissibly "fail-safe."

3) As set forth in the affidavit of Lifewatch's CEO, Evan Sirlin (and as Plaintiff concedes in his Amended Complaint) Lifewatch does not make telemarketing calls. Vicarious liability for TCPA violations hinges entirely upon the fact-specific relationship between Lifewatch and each of the numerous entities that may have made telemarketing calls to Donaca or the putative class members. Accordingly, such highly individualized issues render the proposed class improper.

4) Plaintiff cannot possibly show that his common law causes of action (i.e. conversion and trespass) are properly maintainable under FRCP. R. 23 in a putative nationwide class action. Application of all 50 states' varying conversion and trespass common law standards in a single case, and the need to resolve disputes as to the correct state-specific interpretations of these varying common law standards necessarily injects intractable case management problems and ensures that individual issues predominate over common issues. These variations in state law necessarily defeat the typicality and commonality requirements under Rule 23 (a)(2), and necessarily defeat the predominance, superiority, and manageability requirements under Rule 23 (b)(3).

### III. Plaintiff's Amended Complaint is Fatally Flawed on its Face and must be Dismissed Pursuant to FRCP 12(b) (6).

In view of the page limit imposed by the local rule, Mr. Sirlin hereby adopts and asserts each of co-defendant Lifewatch's FRCP 12(b) (6) arguments as if fully set forth herein. Specifically,

1) Plaintiff failed to plead the elements necessary to sustain TCPA claims.
2) Plaintiff failed to adequately plead the conversion claim. Furthermore, Plaintiff's conversion claim is simply not cognizable.
3) Plaintiff failed to adequately plead the trespass to chattel claim. Furthermore, Plaintiff's trespass to chattel claim is simply not cognizable.

### CONCLUSION

Plaintiff cannot establish that this Court can exercise personal jurisdiction over Mr. Sirlin. Accordingly, the Amended Complaint should be dismissed as to Mr. Sirlin for lack of personal jurisdiction. Furthermore, the class allegations in Plaintiff's Amended Complaint must be stricken pursuant to FRCP. R. 12(f); and Plaintiff's

Amended Complaint must be dismissed in its entirety, and with prejudice, pursuant to FRCP. R. 12(b) (6).

Dated: February 10, 2014

**The Sultzer Law Group, P.C.**

By: /S/ Jason Sultzer

_____

Jason Sultzer
Attorneys for Evan Sirlin

**CERTIFICATE OF SERVICE**

*MATTHEW DONACA vs. LIFEWATCH INC.et al.* U.S. District Court, Central District of California, Case No. CV 13-02064-JGB-SP

I hereby certify that a true and correct copy of the foregoing was served on all counsel registered to receive a Notice of Electronic Filing by electronically serving the document via the United States District Court Electronic Case filing website (CM/ECF notification system) for this case on this 10th day of February 2014.

By: /S/ Jason Sultzer

_____

Jason Sultzer
Attorneys for Evan Sirlin