1  STEPHEN J. SIMONI (Bar No. 284558)
     StephenSimoni@yahoo.com
2  **SIMONI LAW OFFICES**
3  12131 Turnberry Drive, Suite 100
   Rancho Mirage, CA 92270-1500
4  Telephone: (917) 621-5795

5  CHAD C. AUSTIN (Bar No. 235457)
     ChadCAustin@gmail.com
6  **LAW OFFICE OF CHAD C. AUSTIN**
7  4632 Berwick Drive
   San Diego, CA  92117
8  Telephone: (619) 992-7100
9  Facsimile: (858) 712-0316

10 Counsel for Plaintiff Matthew
     Donaca and the Proposed Class

*"Conformed Copy" for Return To Filer*

FILED
CLERK, U.S. DISTRICT COURT
FEB 7 2014
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| MATTHEW DONACA, Individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LIFEWATCH INC. ("LIFEWATCH"),<br>EVAN SIRLIN, Individually and as<br>　　Chief Executive Officer<br>　　of LIFEWATCH, and<br>DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | EDCV-13-02064-JGB(SPx)<br><br>**FIRST AMENDED<br>COMPLAINT CLASS ACTION**<br><br>**JURY TRIAL DEMAND** |

1    Plaintiff Matthew Donaca, Individually and on behalf
2 of the Class defined below, brings this action for damages,
3 restitution, statutory damages, punitive damages, sanctions,
4 interest, court costs, attorneys' fees, and injunctive relief
5 under rights created pursuant to federal statute under 28 U.S.C.
6 section 1331 ("Federal Question" Jurisdiction) for the *ultra*
7 *vires* illegal actions and deliberate and knowing tortious
8 activity of Defendants Lifewatch Inc. ("Lifewatch"), Evan
9 Sirlin, Individually and as Chief Executive Officer of Lifewatch
10 ("Sirlin"), and Does 1 through 10, inclusive, in contacting
11 Plaintiff multiple times via Plaintiff's residence telephone to
12 solicit sales ("Sales Calls") by utilization of an artificial or
13 prerecorded voice ("RoboCalls") in violation of the Telephone
14 Consumer Protection Act, 47 U.S.C. section 227 *et seq.* ("TCPA")
15 and with deliberate transmission of false caller identification
16 ("Caller ID Spoofing") in violation of the Truth in Caller ID
17 Act of 2009, 47 U.S.C. 227(e), and related claims that form part
18 of the same case or controversy under 28 U.S.C. section 1367(a)
19 ("Supplemental" Jurisdiction).  Plaintiff demands a trial by
20 jury, and complains and alleges as follows:
21
22                        **INTRODUCTION**
23     1.   Defendant Lifewatch Inc. ("Company") is a corporation
24 incorporated in the State of New York that markets and sells,
25 *inter alia*, monitoring systems and services for use by medically
26 compromised individuals in residences throughout the United
27 States.
    2.   Plaintiff brings this action to challenge the
Company's practices in the telephone solicitation of its

products and services.  Specifically, Plaintiff challenges Company's illegal telephone calls, illegal use of RoboCalls, and illegal use of Caller ID Spoofing by which it markets its products and services.

3.   All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern as to each member of the Class defined below.

**JURISDICTION AND VENUE**

4.   This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1332(d).  This is a proposed class action involving more than one hundred (100) class members, at least one member of the putative class is a citizen of a state different from Defendants, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

5.   Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(a) and (c) in that Defendants conduct business in, and a substantial part of the events giving rise to Plaintiff's claims occurred in, the Central District of California.

**THE PARTIES**

6.   Plaintiff Matthew Donaca ("Plaintiff") is an adult male who resides in California.

7.   Defendant Lifewatch Inc. ("Company") is a corporation incorporated in the State of New York that has been in existence for decades and transacts business in this Judicial District.

8. Defendant Evan Sirlin ("Sirlin") is an individual who resides in the State of New York, is the Chief Executive Officer of Company, and upon information and belief is the Company's Primary Shareholder. As such, Sirlin is the primary, and perhaps the sole, individual who reaps the benefit of the tortious conduct described herein that is technically carried out only in Company's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in California and nationwide.

9. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 10, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

10. At all times herein mentioned, Company, Sirlin, and the Doe Defendants (collectively, "Defendants"), and each of them, were an agent or joint venturer of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

11. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and

other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

12. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

**FACTUAL ALLEGATIONS**

13. In or about 2013, Plaintiff received multiple telephone solicitations by Defendants within a single twelve-month period at Plaintiff's residence that simultaneously transmitted false caller identification information in connection therewith. Plaintiff had not consented to any one, more, or all of the solicitations.

14. These unsolicited telephone calls were placed to Plaintiff's residence telephone and utilized an "artificial or prerecorded voice" to transmit a message as prohibited by 47 U.S.C. section 227(b)(1)(B).

15. These telephone solicitations constituted "calls" under the TCPA that were *not* for emergency purposes.

16. Plaintiff did *not* provide any one, more, or all Defendants, nor any agent of Defendants, prior express consent to cause Plaintiff to receive telephone calls on his residence telephone that utilized an "artificial or prerecorded voice" to transmit a message.

17. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

18. DELETEDDDDDDGFGFG

19. 47 C.F.R. § 64.1200(b)(1) requires that "All artificial or prerecorded telephone messages shall:  At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated."

20. Defendants' illegal, prerecorded telemarketing message failed to comply with this requirement.  The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing. 47 U.S.C. § 227(b)(3).  Plaintiff alleges that Defendants' violation of 47 C.F.R. § 64.1200(b)(1) was willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

21. 47 C.F.R. § 64.1200(b)(2) requires that "All artificial or prerecorded telephone messages shall: During or after the message, state clearly the telephone number (other than that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges."

22. Defendants' illegal, prerecorded telemarketing message to Plaintiff failed to comply with this requirement. The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing. 47 U.S.C. § 227(b)(3). Plaintiff alleges that Defendants' violation of 47 C.F.R. § 64.1200(b)(2) was willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

23. 47 C.F.R. §64.1601(e) requires that "Any person or entity that engages in telemarketing . . . must transmit caller identification information."

24. Defendants failed to transmit caller identification information during their illegal, prerecorded call to Plaintiff. The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing. 47 U.S.C. §227(b)(3). Plaintiff alleges that Defendants' violation of 47 C.F.R. § 64.1601(e) was willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

25. 47 C.F.R. § 64.1601(e)(1) requires that "Caller identification information must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer. It shall not be a violation . . . to substitute . . . the name of the seller on behalf of which the telemarketing call is placed and the seller's customer service telephone number. The telephone number so provided must permit any

individual to make a do-not-call request during regular business hours."

26. Defendants' illegal, prerecorded call to Plaintiff failed to comply with this requirement in three discrete ways: by failing to provide a company name, failing to provide an accurate telephone number and failing to provide an opportunity to make a do-not-call request. The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violations were willful or knowing. 47 U.S.C. § 227(b)(3). Plaintiff alleges that Defendants' violations of 47 C.F.R. § 64.1601(e)(1) were willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

27. 47 C.F.R. § 64.1601(e)(2) states that "Any person or entity that engages in telemarketing is prohibited from blocking the transmission of caller identification information."

28. Defendants blocked the transmission of caller identification information during their illegal, prerecorded call to Plaintiff. The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing. 47 U.S.C. § 227(b)(3). Plaintiff alleges that Defendants' violation of 47 C.F.R. §64.1601(e)(2) was willful and knowing, within the meaning of 47 U.S.C. §227(b)(3) and 47 U.S.C. §312(f)(1).

29. 16 C.F.R. §310.4(a)(7) states that "It is an abusive telemarketing act or practice and a violation of this Rule for any seller or telemarketer to engage in the following conduct .

. . (7) Failing to transmit or cause to be transmitted the telephone number, and, when made available by the telemarketer's carrier, the name of the telemarketer, to any caller identification service in use by a recipient of a telemarketing call, provided that it shall not be a violation to substitute . . . the name of the seller or charitable organization on behalf of which a telemarketing call is placed, and the seller's or charitable organization's customer or donor service telephone number, which is answered during regular business hours."

30.  Defendants' illegal, prerecorded call to Plaintiff failed to comply with this requirement in two discrete ways: by failing to provide the name of the company calling and failing to provide an accurate telephone number of the company calling. The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violations were willful or knowing.  47 U.S.C. § 227(b)(3).  Plaintiff alleges that Defendants' violations of 16 C.F.R. § 310.4(a)(7) were willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

## CLASS ACTION ALLEGATIONS

31.  Plaintiff brings this action on behalf of himself and all persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of each of those provisions.  The Class is defined as follows:

> All individuals who within the past four years (i) received one or more RoboCalls from Defendants without express prior consent and in the absence of an emergency; and/or (ii) received one or more RoboCalls, Sales Calls, and/or combined RoboCalls/Sales Calls from Defendants in connection with which Defendants transmitted false caller identification information. Excluded from the Class are: (1) employees of the Defendants, including their officers or directors; (2) Defendants' affiliates, subsidiaries, or co-conspirators; and (3) the Court to which this case is assigned.

32. Plaintiff does not know the exact number of Class members because such information is in the exclusive control of the Defendants. However, Plaintiff believes that due to the nature of the trade and commerce involved, Class members are sufficiently numerous, most likely thousands of consumers, and geographically dispersed throughout the United States, and that joinder of all Class members is impracticable. The information as to the identity of the Class members can be readily determined from records maintained by the Defendants, because telephone calls are recorded in Defendants' billing statements provided by third-party communications carriers, as well as from general public notification and notification of Company's customers who purchased goods and services from Company as a result of one or more such telephone calls.

33. Plaintiff's claims are typical of, and not antagonistic to, the claims of the other Class members because Plaintiff was injured by Defendants' practices and by asserting

his claims, Plaintiff will also advance the claims of all members of the Class who were damaged by the same wrongful conduct of Defendants and their co-conspirators as alleged herein, and the relief sought is common to the Class.

34. The common legal and factual questions which do not vary from Class member to Class member, and which may be determined without reference to individual circumstances of any Class member, include, but are not limited to, the following:

    a. Did Defendants' RoboCalls violate the TCPA?

    b. Did Defendants' RoboCalls and Sales Calls that provided false Caller ID information violate the Truth in Caller ID Act of 2009, 47 U.S.C. 227(e)?

    c. What is the appropriate measure of damages for Defendants' TCPA violations?

    d. Was Company unjustly enriched by the challenged practices? and

    e. Are Plaintiff and the Class Members entitled to the injunctive and equitable relief requested herein?

35. These common questions and others predominate over questions, if any, that affect only individual members of the Class.

36. The claims of the representative Plaintiff are typical of the claims of the Class. There are no material conflicts with any other member of the Class that would make class certification inappropriate. Plaintiff and counsel will fairly and adequately represent the interests of the Class.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts if individual litigation of numerous cases would proceed. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented in this Complaint, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

38. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.

39. Injunctive relief is appropriate as to the Class as a whole because Defendants have acted or refused to act on grounds generally applicable to the Class.

40. Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including, but not limited to, providing Class members with a method for the redress of claims that may otherwise not warrant individual litigation.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

(Violations of the TCPA "RoboCall"

Prohibition, 47 U.S.C. sec. 227 et seq.)

41. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

42. As a result of Defendants', and Defendants' agents, violations of 47 U.S.C. sec. 227(b)(1)(B), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. sec. 227(b)(3)(B).

43. Pursuant to 47 U.S.C. sec. 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION

(Knowing and/or Willful Violations of the TCPA "RoboCall" Prohibition, 47 U.S.C. sec. 227 et seq.)

44. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

45. As a result of Defendants', and Defendants' agents, knowing and/or willful violations of 47 U.S.C. sec. 227(b)(1)(B), Plaintiff seeks for himself and each Class Member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. sec. 227(b)(3).

46. Pursuant to 47 U.S.C. sec. 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION

(Violations of the TCPA "Caller ID Spoofing" Prohibition, 47 C.F.R. § 64.1601(b)(2))

**FIRST AMENDED COMPLAINT CLASS ACTION**, No. EDCV-13-02064-JGB(SPx)      13

47. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

48. As a result of Defendants', and Defendants' agents, violations of 47 U.S.C. sec. 227(e), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to the implied private right of action.

## FOURTH CAUSE OF ACTION

(Knowing and/or Willful Violations of the TCPA "Caller ID Spoofing" Prohibition, 47 U.S.C. § 227 et seq.)

49. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

50. As a result of Defendants', and Defendants' agents, knowing and/or willful violations of 47 U.S.C. sec. 227(e), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to the implied private right of action.

## FIFTH CAUSE OF ACTION

(Trespass to Chattel)

51. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

52. Defendants' conduct of making illegal prerecorded telemarketing calls to Plaintiff constituted a trespass to Plaintiff's residential telephone.  This trespass was significant and substantial in duration in that Defendants' trespass illegally deprived Plaintiff of the use and enjoyment

of his telephone for lawful purposes. Plaintiff has been damaged in an amount to be determined according to proof at trial.

53. At no time did Plaintiff consent to this trespass.

54. Defendants' trespass was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

### SIXTH CAUSE OF ACTION

(Conversion)

55. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

56. Defendants' conduct of making an illegal prerecorded telemarketing call to Plaintiff constituted a conversion of Plaintiff's telephone. This conversion was significant and substantial in duration in that Defendants' conversion illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes.

57. Plaintiff is therefore entitled to the entire value of his telephone, in an amount to be determined according to proof at trial.

58. At no time did Plaintiff consent to this conversion.

59. Defendants' conversion was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with

the purpose of making an illicit profit and with the purposes of vexing, injuring and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to punitive damages.

   WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

**PRAYER FOR RELIEF**

   1.   Certification of the proposed Class and notice and claims administration to be paid by Defendants;

   2.   Statutory damages;

   3.   Compensatory, general, incidental, and consequential damages according to proof;

   4.   Special damages according to proof;

   5.   Punitive damages to punish Defendants for their willful illegal and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

   6.   Restitution and disgorgement according to proof;

   7.   Injunctive relief against Defendants, and each of them, to prevent future wrongful conduct;

   8.   Prejudgment interest at the maximum legal rate;

   9.   Costs of the proceedings herein;

   10.  Reasonable attorneys' fees; and

   11.  All such other and further relief as the Court deems just.

Dated:  January 23, 2014          Respectfully submitted,


By: ___/s/_____

STEPHEN J. SIMONI (Bar No. 284558)
StephenSimoni@yahoo.com
**SIMONI LAW OFFICES**
12131 Turnberry Drive, Suite 100
Rancho Mirage, CA 92270-1500
Telephone:  (917) 621-5795


By: ___/s/[1]_____

CHAD C. AUSTIN (Bar No. 235457)
ChadCAustin@gmail.com
**LAW OFFICE OF CHAD C. AUSTIN**
4632 Berwick Drive
San Diego, CA  92117
Telephone:  (619) 992-7100
Facsimile:  (858) 712-0316

*Attorney for Plaintiff Matthew
 Donaca and the Proposed Class*

---

[1] In accordance with Local Rule 5-4.3.4(a)(2)(i), the ECF/CM filer, Stephen J. Simoni, attests that the other signatory listed, and on whose behalf this filing is submitted, concurs in the filing's content and has authorized the filing.

**FIRST AMENDED COMPLAINT CLASS ACTION**, No. EDCV-13-02064-JGB(SPx)          17


**DEMAND FOR JURY TRIAL**

Plaintiff on behalf of himself and all others similarly situated hereby requests a jury trial on all claims so triable.


Dated: January 23, 2014     Respectfully submitted,


By: ___/s/_____

STEPHEN J. SIMONI (Bar No. 284558)
StephenSimoni@yahoo.com
**SIMONI LAW OFFICES**
12131 Turnberry Drive, Suite 100
Rancho Mirage, CA 92270-1500
Telephone: (917) 621-5795


By: ___/s/[2]_____

CHAD C. AUSTIN (Bar No. 235457)
ChadCAustin@gmail.com
**LAW OFFICE OF CHAD C. AUSTIN**
4632 Berwick Drive
San Diego, CA 92117
Telephone: (619) 992-7100
Facsimile: (858) 712-0316

*Counsel for Plaintiff Matthew Donaca and the Proposed Class*

---

[2] In accordance with Local Rule 5-4.3.4(a)(2)(i), the ECF/CM filer, Stephen J. Simoni, attests that the other signatory listed, and on whose behalf this filing is submitted, concurs in the filing's content and has authorized the filing.

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)
Stephen J. Simoni (Bar No. 284558); (917) 621-5795
SIMONI LAW OFFICES
12131 Turnberry Drive, Suite 100
Rancho Mirage, CA 92270-1500

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Matthew Donaca, Individually and on behalf of all others similarly situated,

PLAINTIFF(S),

v.

LIFEWATCH INC., et al.,

DEFENDANT(S).

CASE NUMBER

EDCV-13-02064-JGB (SP)

PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Riverside, State of California, and not a party to the above-entitled cause. On January 23, 2014, I served a true copy of First Amended Complaint by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.)
William H. Armstrong, Armstrong & Associates, LLP, 2718 Clarellen Street, Torrance, Calif 90505

Place of Mailing: Monmouth Beach Post Office, Beach Road, Monmouth Beach, New Jersey

Executed on January 23, 2014 at Monmouth Beach, New Jersey ~~, California~~

Please check one of these boxes if service is made by mail:

☒ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

☐ I hereby certify under the penalty of perjury that the foregoing is ~~true and~~ correct.

X [signature] Stephen J Simoni
Signature of Person Making Service

### ACKNOWLEDGEMENT OF SERVICE

I, _____, received a true copy of the within document on _____.

Signature _____    Party Served _____

CV-40 (01/00)    PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE