UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 13-02064 JGB (SPx)** | Date | March 27, 2014 |
| Title | *Matthew Donaca v. Lifewatch, Inc., et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER (1) GRANTING IN PART Defendant Lifewatch's Motion to Dismiss and Strike (Doc. No. 17); (2) GRANTING IN PART Defendant Sirlin's Motion to Dismiss and Strike (Doc. No. 18); and (3) VACATING the March 31, 2014 Hearings (IN CHAMBERS)**

   Before the Court are a Motion to Strike Class Allegations and Dismiss for Failure to State a Claim filed by Defendant Lifewatch Inc. ("Lifewatch") (Doc. No. 17) and a Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim and to Strike Class Allegations filed by Defendant Evan Sirlin ("Sirlin") (Doc. No. 18) (collectively, the "Motions"). The Court finds that the Motions are appropriate for resolution without hearings. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers timely filed in support of and in opposition to the Motions, the Court GRANTS IN PART Lifewatch's Motion and GRANTS IN PART Sirlin's Motion.

## I. BACKGROUND

### A. Procedural Background

   On November 8, 2013, Plaintiff John Sacchi ("Sacchi") filed a class action complaint against Defendants Lifewatch, Inc. and Evan Sirlin, individually and as CEO of Lifewatch (collectively, "Defendants"). ("Compl.," Doc. No. 1.) The Complaint alleged violations of the

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.§ 227 *et seq.*, in addition to causes of action for fraud and negligence. (Id.) On January 6, 2014, Defendants filed motions to dismiss and strike portions of the Complaint. (Doc. Nos. 6, 7.) On January 23, 2014, Sacchi filed a notice of non-opposition to Defendants' motions, indicating he intended to file a First Amended Complaint in accordance with Federal Rule of Civil Procedure 15(a)(1)(B). (Doc. No. 13.) On January 29, 2014, the Court found Sacchi consented to Defendants' motions, granted them, and dismissed the Complaint with leave to amend. (Doc. No. 14.)

On February 7, 2014, Sacchi was replaced with Plaintiff Matthew Donaca ("Plaintiff"), who filed the First Amended Complaint. ("FAC," Doc. No. 19.) The FAC states four claims under the TCPA for alleged "robocalls" and "caller ID spoofing," one claim for trespass to chattel, and a conversion claim. (See generally FAC.)

On February 10, 2014, Lifewatch filed a motion to strike Plaintiff's class action allegations and dismiss the FAC for failure to state a claim. ("Lifewatch Motion," Doc. No. 17.) The same day, Sirlin filed a motion to dismiss the FAC for lack of personal jurisdiction and adopted Lifewatch's arguments under Federal Rules of Civil Procedure 12(b)(6) and 12(f). ("Sirlin Motion," Doc. No. 18.) On February 17, 2014, Plaintiff opposed the Motions.[1] ("Opp'n," Doc. No. 20.) Defendants replied to their respective Motions on February 24, 2014. ("Lifewatch Reply," Doc. No. 21; "Sirlin Reply," Doc. No. 22.)

**B.     Plaintiff's Allegations**

Lifewatch, a New York corporation, markets and sells monitoring systems and services for use by medically compromised individuals in their homes. (FAC ¶ 1.) Sirlin resides in New York and is the CEO of Lifewatch. (Id. ¶ 8.) Plaintiff alleges that Sirlin is also Lifewatch's primary, if not sole, shareholder. (Id.)

Plaintiff alleges that during a twelve-month period in or about 2013, he received "multiple" telephone solicitations at his residence from Defendants. (Id. ¶ 13.) These calls transmitted false caller identification information and used a prerecorded voice to transmit the solicitation. (Id. ¶¶ 13, 14.) Plaintiff did not consent to the calls, and the calls were not used for emergency purposes. (Id. ¶¶ 13-15.) Plaintiff also alleges he had no prior business relationship with Defendants. (Id. ¶ 17.) The FAC contends that Defendants' "robocalls:" did not clearly state the identity of the business, individual, or other entity responsible for initiating the call, did not state the number of the entity responsible for the call, failed to transmit caller identification information or provide an accurate telephone number, and failed to provide an opportunity to make a do-not-call request as required under the TCPA. (Id. ¶¶ 19-30.)

Plaintiff brings this action on behalf of a class of all individuals who within the past four years: (i) received one or more robocalls from Defendants without express prior consent and in the absence of an emergency; and/or (ii) received one or more robocalls, sales calls, and/or

---

[1] In his opposition, Plaintiff voluntarily withdraws his trespass to chattel and conversion claims. (Opp'n at 1 n.1.) Accordingly, the Court DISMISSES these claims from the FAC.

combined robocalls/sales calls from Defendants in connection with which Defendants transmitted false caller identification information.  (Id. ¶ 31.)

## II.  LEGAL STANDARD[2]

### A. Fed. R. Civ. P. 12(b)(2)

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154-55 (9th Cir. 2006) (citing Fireman's Fund Ins. Co. v. Nat. Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996)); see also Metro–Goldwyn–Mayer Studios Inc. v. Grokster, Ltd., 243 F. Supp. 2d 1073, 1082 (C.D. Cal. 2003) (citing Aanestad v. Beech Aircraft Corp., 521 F.2d 1298, 1300 (9th Cir. 1974)).  Because California authorizes jurisdiction to the full extent permitted by the Constitution, see Cal. Code Civ. P. § 410.10, the only question the Court must ask in this case is whether the exercise of jurisdiction over Defendant would be consistent with due process.  Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003); Peterson v. Highland Music, Inc., 140 F.3d 1313, 1317 n.2 (9th Cir. 1998).

The Fourteenth Amendment's Due Process Clause permits courts to exercise personal jurisdiction over any defendant who has sufficient "minimum contacts" with the forum that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  There are two recognized bases for exercising personal jurisdiction over a non-resident defendant: (1) "general jurisdiction," which arises where defendant's activities in the forum state are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over him in all matters; and (2) "specific jurisdiction," which arises when a defendant's specific contacts with the forum give rise to the claim in question.  See Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414–16 (1984); Doe v. Am. Nat'l Red Cross, 112 F.3d 1048, 1050–51 (9th Cir. 1997).

Where, as here, a court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.  Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001).  Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.  AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181.

---

[2] Unless otherwise noted, all mentions of "Rule" refer to the Federal Rules of Civil Procedure.

B.      Fed. R. Civ. P. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In addition, the Court must accept all material allegations in the complaint – as well as any reasonable inferences to be drawn from them – as true. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 545. "[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

C.      Fed. R. Civ. P. 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure states that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)). In ruling on a motion to strike under Rule 12(f), the court must view the pleading in the light most favorable to the nonmoving party. See Freeman v. ABC Legal Servs., Inc., 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012); California v. United States, 512 F. Supp. 36, 39 (N.D. Cal. 1981). Thus, "[b]efore granting such a motion . . . the court must be satisfied that there are no questions of fact, that the [claim or] defense is insufficient as a matter of law, and that under no circumstance could [it] succeed." Tristar Pictures, Inc. v. Del Taco, Inc., No. CV 99–07655 DDP(Ex), 1999 WL 33260839, at *1 (C.D. Cal. Aug. 31, 1999); Cholakyan v. Mercedes–Benz USA, LLC, 796 F. Supp. 2d 1220, 1244–45 (C.D. Cal. 2011).

### III. DISCUSSION

A.      **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2)**

Sirlin argues he should be dismissed from the FAC because this Court lacks general and specific personal jurisdiction over him as a non-resident of California. (Sirlin Motion at 4-5.) The Court addresses each basis for the exercise of personal jurisdiction in turn.

### 1. General Personal Jurisdiction

Sirlin argues that he is not subject to general personal jurisdiction in California because he has no contacts with the state. (Sirlin Motion at 5-7.) Plaintiff does not oppose this contention.

For general jurisdiction to exist over a nonresident defendant, the defendant must engage in activities in the forum state which are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over him in all matters. See Helicopteros, 466 U.S. at 416. "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004). "To determine if a defendant's activities qualify as 'continuous and systematic' or 'substantial' we examine all of the defendant's activities that impact the state, including whether the defendant makes sales, solicits or engages in business, serves the state's markets, designates an agent for service of process, holds a license, has employees, or is incorporated there." Hirsch v. Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474, 1478 (9th Cir. 1986).

The FAC does not allege that Sirlin, a resident of New York, has any contact with California, much less the "continuous and systematic" or "substantial" contacts required for general personal jurisdiction. (See generally FAC.) Moreover, in his declaration, Sirlin states that: he does not live, nor has he ever resided in California; has no office or place of business in California; does not hold any title to real property in California; does not maintain any bank or other financial accounts in California; does not pay taxes in California; does not have any telephone listings in California; does not have any agents, servants or employees that live in California; is not qualified, licensed or chartered to do business in California; does not maintain a post office box or other mailing address in California; and does not visit California for business purposes. ("Sirlin Decl." ¶¶ 5-15, Sirlin Motion, Exh. B.) In his opposition, Plaintiff does not controvert Sirlin's declaration, nor does he contend that this Court may properly exercise general personal jurisdiction. Accordingly, the Court holds that it cannot exercise general personal jurisdiction over Sirlin.

### 2. Specific Personal Jurisdiction

Next, Sirlin argues that he is not subject to specific personal jurisdiction by this Court because he has no contact within California and has not personally availed himself of the privileges and benefits of transacting business in the state. (Sirlin Motion at 7.)

Specific jurisdiction arises when a defendant's specific contacts with the forum give rise to the claim in question. See Helicopteros, 466 U.S. at 414-416. In the Ninth Circuit, courts apply a three-part test to determine whether specific jurisdiction exists:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting

activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205-06 (9th Cir. 2006) (citing Schwarzenegger, 374 F.3d at 802). The plaintiff bears the burden of satisfying the first two prongs of the test. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990). If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476–78 (1985).

### a. Purposeful Availment or Purposeful Direction

To support a finding that specific jurisdiction exists, Plaintiff must initially demonstrate that Sirlin either purposefully availed himself of the privilege of conducting activities in California, or purposefully directed his activities at California. Burger King Corp., 471 U.S. at 476-78; Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987). "A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract [in the forum state]." Schwarzenegger, 374 F.3d at 802. Alternatively, "[a] showing that a defendant purposefully directed his conduct toward a forum state . . . usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum[.]" Schwarzenegger, 374 F.3d at 803.

The Court finds Plaintiff fails to allege sufficient facts to satisfy his burden under either the purposeful availment or purposeful direction tests. The majority of the allegations in the FAC is directed at Defendants' conduct, generally, and makes no mention of Sirlin's specific actions. Sirlin is named in the FAC only twice. The allegations against him state that he "is the Chief Executive Officer of Company, and upon information and belief is the Company's Primary Shareholder. As such, Sirlin is the primary, and perhaps the sole individual who reaps the benefit of the tortious conduct described herein that is technically carried out only in Company's name." (FAC ¶ 8.) The FAC further contends that Sirlin is a "joint venturer" of Lifewatch and he "ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts." (FAC ¶ 10.) In opposition, Plaintiff merely recites these allegations and provides no additional facts to support the exercise of specific jurisdiction over Sirlin. (Opp'n at 9-10.)

The general allegations that Sirlin ratified, approved, joined in, acquiesced, authorized, or retained the benefits of Lifewatch's TCPA violations are wholly conclusory and insufficient to sustain a finding that Sirlin either purposefully availed himself of the privilege of conducting activities in California, or purposefully directed his activities at California. See Kirsch v. Cuadra, C 05-03010 MJJ, 2005 WL 2677026 at *7 (N.D. Cal. Oct. 20, 2005) (finding no purposeful availment by an individual in TCPA case where "Plaintiff has not made any allegations as to Defendant Ross's conduct, specifically. Rather, Plaintiff alleges that the

defendants, generally, violated the FTCPA by sending 18 faxes to him containing unsolicited advertisements"). Nowhere in the FAC or opposition does Plaintiff identify the specific illegal acts Sirlin purportedly ratified or authorized. Instead, Plaintiff generally contends that Sirlin authorized and benefitted from Lifewatch's "illegal practices." (Opp'n at 10.) Vague and conclusory allegations of Sirlin's illegal activity are insufficient to warrant the Court's exercise of specific personal jurisdiction. Cf. Advanced Skin & Hair, Inc. v. Bancroft, 858 F. Supp. 2d 1084, 1089 (C.D. Cal. 2012) ("[T]he Complaint alleges that [CEO] purposefully availed herself of the privilege of conducting business in California by directing and supervising the sales of the infringing product by Rejuva through representatives, partners, and affiliates."). Accordingly, the Court finds Plaintiff has not met his burden of establishing that Sirlin purposefully availed himself or the privilege of conducting business in California or purposefully directed his activities at this forum. Since the first element of specific personal jurisdiction is unmet, the Court need not reach the remaining elements of the personal jurisdiction analysis. See Boschetto v. Hansing, 539 F.3d 1011, 1016 (9th Cir. 2008) ("[I]f the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed.").

    **b.**   **Fiduciary Shield Doctrine**

Plaintiff appears to contend that personal jurisdiction over Sirlin should lie because as a corporate officer, his contacts on behalf of Lifewatch are sufficient to subject him to personal jurisdiction. (Opp'n at 9-10 ("Because the illegal practices, by definition, exceed the permissible activities of the corporate entity, Sirlin cannot evade liability by hiding behind the corporate veil . . . .").) In response, Sirlin argues that the fiduciary shield doctrine protects him from the Court's exercise of jurisdiction. (Sirlin Motion at 11-12.)

Under the fiduciary shield doctrine, "a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." Davis v. Metro Prods., Inc., 885 F.2d 515, 520 (9th Cir. 1989); see also Advanced Skin & Hair, Inc. v. Bancroft, 858 F. Supp. 2d 1084, 1089–90 (C.D. Cal. 2012). In other words, "[t]he mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are suable locally as well." DISH Network L.L.C. v. Vicxon Corp., 923 F. Supp. 2d 1259, 1263 (S.D. Cal. 2013) (quoting Colt Studio, Inc. v. Badpuppy Enter., 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999)).

In order for nonresident corporate officers to be subject to the Court's jurisdiction, Plaintiff must establish that the officer was the "guiding spirit" behind the challenged corporate activity. See Davis v. Metro Prods., Inc., 885 F.2d 515, 524 n.10 (9th Cir. 1989). Specifically, it is Plaintiff's burden to show that the corporate officer was the "primary participant" in the alleged wrongdoing or had "control of, and direct participation in the alleged activities." Allstar Mktg. Grp., LLC v. Your Store Online, LLC, 666 F. Supp. 2d 1109, 1120 (C.D. Cal. 2009); Wolf Designs, Inc. v. DHR Co., 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004).[3]

---

[3] Alternatively, the Court may exercise personal jurisdiction over a nonresident corporate officer when the corporation is the alter ego of the individual. See Davis, 885 F.2d at 524 n.10. (continued . . .)

As discussed above, the FAC alleges, in conclusory fashion, that Sirlin had "actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant," making him personally liable for Plaintiff's damages from the robocalls and caller identification spoofing. (FAC ¶¶ 8, 10; Opp'n at 10.) To refute these allegations, Sirlin provides a declaration which states that:

> I deny that I ratified, approved, joined in, acquiesced to and/or authorized the alleged wrongful acts, or that I had actual or constructive knowledge of the alleged wrongful acts. [. . .] I did not make the alleged telephone calls. Nor did I cause the telephone calls to be made. Further, Lifewatch does not telemarket or employ telemarketers.

(Sirlin Decl. ¶¶ 16-17.)

First, as detailed above, Plaintiff's broad and conclusory allegations regarding Sirlin are insufficient to sustain a finding of personal jurisdiction over a corporate officer. See Fasugbe v. Willms, No. CIV. 2:10–2320 WBS KJN, 2011 WL 3667440, at *3 (E.D. Cal. Aug.22, 2011) (declining to exercise personal jurisdiction over a corporate officer where the plaintiffs' made "conclusory statements that he was a 'guiding spirit' and 'central figure' and made all final decisions"); see also Just Film, Inc. v. Merchant Servs., Inc., No. C 10–1993 CW, 2010 WL 4923146, at *6 (N.D. Cal. Nov. 29, 2010) (holding plaintiffs did not meet their burden of demonstrating specific personal jurisdiction over corporate officers and directors where the allegations stated only that they directed and controlled the entities, but did not "explain how these Defendants controlled or directly participated in the alleged fraudulent scheme").

More importantly, Plaintiff fails to offer any evidence to support the allegations the FAC. Once a defendant has moved to dismiss, "the plaintiff is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction" over the defendant. Cummings v. W. Trial Lawyers Assoc., 133 F. Supp. 2d 1144, 1151 (D. Ariz. 2001) (internal quotations omitted); Cubbage v. Merchent, 744 F.2d 665, 667 (9th Cir. 1984). "The mere allegations of a complaint, when contradicted by affidavits, are not enough to confer personal jurisdiction over a nonresident defendant." Chem Lab Products, Inc. v. Stepanek, 554 F.2d 371, 372 (9th Cir. 1977). In such a case, facts, not mere allegations, must be the touchstone. Taylor v. Portland Paramount Corp., 383 F.2d 634, 639 (9th Cir. 1967).

While Sirlin presents his affidavit to thwart the Court's exercise of personal jurisdiction, Plaintiff relies on nothing more than the bare, conclusory allegations of the FAC. Thus, Plaintiff's allegations – unsupported by affidavit or evidence – that Sirlin approved, authorized, or had knowledge of Lifewatch's illegal acts are insufficient to confer personal jurisdiction, as

---

( . . . continued)

Plaintiff does not contend that Sirlin is an alter ego of Lifewatch; therefore, the Court does not address the alter ego exception to the fiduciary shield doctrine.

Sirlin's declaration wholly refutes these contentions. See Data Disc, Inc. v. Sys. Tech. Associates, Inc., 557 F.2d 1280, 1284 (9th Cir. 1977) (holding that once the defendant has contradicted allegations contained in the complaint, plaintiff may not rest on the pleadings, but must present admissible evidence, which if believed, would support the court's exercise of personal jurisdiction). Since Plaintiff provides no evidence to contradict Sirlin's declaration, he fails to establish that Sirlin was the guiding force or primary participant behind Lifewatch's alleged wrongdoing. Compare Brown v. Gen. Steel Domestic Sales, LLC, CV08-00779 MMM (SHX), 2008 WL 2128057, at * 11 (C.D. Cal. May 19, 2008) (refusing to find personal jurisdiction over a corporate director where the complaint stated "as a general matter that Knight 'formulates, controls, directs, supervises, perpetuates, manages and has knowledge of . . . the practices and policies of General Steel'" because plaintiffs did not "proffer any evidence beyond the allegations in their complaint that would support drawing such an inference") with j2 Global Commc'ns, Inc. v. Blue Jay, Inc., C 08-4254 PJH, 2009 WL 29905, at *9 (N.D. Cal. Jan. 5, 2009) (finding plaintiff satisfied its burden of establishing personal jurisdiction over a corporate officer where plaintiff submitted "deposition testimony" which "demonstrates that he personally directed, participated in, and authorized the unsolicited fax advertising").

Therefore, the Court finds Plaintiff has failed to present sufficient evidence to establish that the guiding spirit exception applies to Sirlin in his capacity as CEO of Lifewatch. Accordingly, the fiduciary shield doctrine protects Sirlin, and the Court holds that it cannot exercise specific personal jurisdiction over him. The Court therefore GRANTS Sirlin's motion to dismiss pursuant to Rule 12(b)(2) and DISMISSES the claims against Sirlin WITH LEAVE TO AMEND.

### B.     Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Sirlin and Lifewatch move to dismiss on the ground that the FAC fails to state a claim pursuant to Rule 12(b)(6). (Sirlin Motion at 14; Lifewatch Motion at 15-19.) Defendants' primary arguments for dismissal pertain to the two claims Plaintiff voluntarily dismissed. (Lifewatch Motion at 18-19.) See supra note 2. These portions of the Motions are therefore moot. Plaintiff does not address any of Defendants' remaining arguments regarding dismissal of the TCPA claims. (See generally Opp'n.) Since Plaintiff has not addressed the merits of Defendants' arguments, the Court assumes Plaintiff concedes dismissal of these claims. See Shorter v. Los Angeles Unified Sch. Dist., CV 13-3198 ABC AJW, 2013 WL 6331204, at * 6 (C.D. Cal. Dec. 4, 2013) (collecting cases). Accordingly, the Court GRANTS Defendants' motions to dismiss for failure to state a claim and DISMISSES the four causes of action pursuant to the TCPA WITH LEAVE TO AMEND.

### C.     Motion to Strike Class Allegations Pursuant to Fed. R. Civ. P. 12(f)

Defendants argue that Plaintiff's class allegations are fatally flawed and should be stricken for multiple reasons. (Lifewatch Motion at 5-15; Sirlin Motion at 13-14.) Essentially, Defendants claim the FAC fails to establish that the putative class meets the requirements of Rule 23(a) and at least one of the elements of Rule 23(b), namely, ascertainability, commonality, typicality, predominance, and superiority. (See Lifewatch Motion at 5-15; Sirlin Motion at 13-14.)

The grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed. In re Toyota Motor Corp., 790 F. Supp. 2d 1152, 1170 (C.D. Cal. 2011). While class allegations may be stricken at the pleading stage, see, e.g., Sanders v. Apple Inc., 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009), courts rarely do so before discovery has commenced or a motion for class certification has been filed. See Cholakyan, 796 F. Supp. 2d at 1245 (noting that it is rare to strike class allegations in advance of a motion for class certification). Defendants' arguments are more properly raised in opposition to a motion for class certification, and the Court will take up the issues raised in Defendants' Rule 12(f) motions at that time. See Thorpe v. Abbott Labs., Inc., 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) ("Motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle . . . ."); In re Wal–Mart Stores, Inc. Wage and Hour Litig., 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (stating that the better course is to deny such a motion because the shape and form of a class action evolves through the process of discovery). Moreover, "the fact that other courts have certified classes in TCPA actions indicates that TCPA claims may be amenable to class treatment once the issue is properly before the Court." Blair v. CBE Grp. Inc., 13-CV-134-MMA WVG, 2013 WL 2029155, at * 5 (S.D. Cal. May 13, 2013) (refusing to strike class allegations on a motion to dismiss TCPA claims).

At this stage of the proceedings, the Court cannot say that Plaintiff's TCPA claims are generally unsuitable for class treatment. Nor is this the rare case where the pleadings indicate that the class requirements cannot possibly be met. Accordingly, the Court DENIES Defendants' motions to strike the class allegations from the FAC.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Sirlin's motion to dismiss for lack of personal jurisdiction, GRANTS Defendants' motions to dismiss the TCPA causes of action for failure to state a claim, and DENIES Defendants' motions to strike. Because Defendants' have not shown that Plaintiff has engaged in undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to Defendants, or futility of amendment, the Court finds that leave to amend is appropriate. See Fed. R. Civ. P. 15(a). The Court therefore DISMISSES the FAC WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint, if any, by April 21, 2014. Failure to file an amended complaint shall be deemed consent to the dismissal of this action. The March 31, 2014 hearings are VACATED.

**IT IS SO ORDERED.**