STEPHEN J. SIMONI (Bar No. 284558)
 StephenSimoniLAW@Gmail.com
**SIMONI CONSUMER CLASS ACTION**
      **LAW OFFICES**
12131 Turnberry Drive, Suite 100
Rancho Mirage, CA 92270-1500
Telephone:  (917) 621-5795

CHAD C. AUSTIN (Bar No. 235457)
 ChadCAustin@gmail.com
**LAW OFFICE OF CHAD C. AUSTIN**
4632 Berwick Drive
San Diego, CA  92117
Telephone:  (619) 992-7100
Facsimile:  (858) 712-0316

*Counsel for Plaintiff Matthew*
 *Donaca and the Proposed Class*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW DONACA, Individually and on behalf of all others similarly situated, | : : : | EDCV-13-02064-JGB(SPx) |
| | : : | **SECOND AMENDED COMPLAINT CLASS ACTION** |
| Plaintiff, | : : | |
| | : | **JURY TRIAL DEMAND** |
| vs. | : : | |
| LIFEWATCH INC. and DOES 1 through 10, inclusive, | : : : | |
| Defendants. | : : | |
| _____ | : | |

        Plaintiff Matthew Donaca, Individually and on behalf

of the Class defined below, brings this action for damages,

restitution, statutory damages, punitive damages, sanctions, interest, court costs, attorneys' fees, and injunctive relief under rights created pursuant to federal statute under 28 U.S.C. section 1331 ("Federal Question" Jurisdiction) for the *ultra vires* illegal actions and deliberate and knowing tortious activity of Defendants Lifewatch Inc. (**"Lifewatch"**) and Does 1 through 10, inclusive, in contacting Plaintiff multiple times via Plaintiff's residence telephone to solicit sales (**"Sales Calls"**) by utilization of an artificial or prerecorded voice (**"RoboCalls"**) in violation of the Telephone Consumer Protection Act, 47 U.S.C. section 227 *et seq.* (**"TCPA"**) and with deliberate transmission of false caller identification (**"Caller ID Spoofing"**) in violation of the Truth in Caller ID Act of 2009, 47 U.S.C. 227(e), and related claims that form part of the same case or controversy under 28 U.S.C. section 1367(a) ("Supplemental" Jurisdiction).  Plaintiff demands a trial by jury, and complains and alleges as follows:

### INTRODUCTION

1.   Defendant Lifewatch Inc. (**"Company"**) is a corporation incorporated in the State of New York that markets and sells, *inter alia*, monitoring systems and services for use by medically compromised individuals in residences throughout the United States.

2.   Plaintiff brings this action to challenge the Company's practices in the telephone solicitation of its products and services.  Specifically, Plaintiff challenges Company's illegal telephone calls, illegal use of RoboCalls, and

illegal use of Caller ID Spoofing by which it markets its products and services.

3.    All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern as to each member of the Class defined below.

**JURISDICTION AND VENUE**

4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1332(d).  This is a proposed class action involving more than one hundred (100) class members, at least one member of the putative class is a citizen of a state different from Defendants, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(a) and (c) in that Defendants conduct business in, and a substantial part of the events giving rise to Plaintiff's claims occurred in, the Central District of California.

**THE PARTIES**

6.    Plaintiff Matthew Donaca (**"Plaintiff"**) is an adult male who resides in California.

7.    Defendant Lifewatch Inc. (**"Company"**) is a corporation incorporated in the State of New York that has been in existence for decades and transacts business in this Judicial District.

8. Company's tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in California and nationwide.

9. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 10, inclusive (**"Doe Defendants"**), and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

10. At all times herein mentioned, Company and the Doe Defendants (collectively, **"Defendants"**), and each of them, were an agent or joint venturer of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

11. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

12.   At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

**FACTUAL ALLEGATIONS**

13.   In or about 2013, Plaintiff received multiple telephone solicitations from Defendants and their agents at Plaintiff's residence that utilized an artificial or prerecorded voice and simultaneously transmitted false caller identification information in connection therewith.   Plaintiff had not consented to any one, more, or all of the solicitations.

14.   These unsolicited telephone calls were placed to Plaintiff's residence telephone number (424) 228-5142 and utilized an "artificial or prerecorded voice" to transmit a message as prohibited by 47 U.S.C. section 227(b)(1)(B) to solicit the sale of Defendants' Lifewatch product and monitoring system on the following, *inter alia*, dates and times:  Aug. 27, 2013 @ 11:31 a.m. (Call ID Information: "Platinum Svcs 1 626 207 7203"); Sept. 27, 2013 @ 11:44 a.m. (Call ID Information: "1 727 498 7883"); Oct. 9, 2013 @ 10:11 a.m. (Call ID Information: "Stevens Poin WI 1 715 303 0322"); Oct. 9, 2013 @ 1:15 p.m. (Call ID Information: "Glencoe IL 1 847 892 6800"); and Oct. 31, 2013 @ 4:51 p.m. (Call ID Information: "Platinum Svcs(X2) 1 626 207 7203(X2)").  The message transmitted on each call was:

> Congratulations.  You've been selected to receive a free medical emergency alert system.  Senior Benefits is recommended by the American Diabetes Association.  To

**SECOND AMENDED COMPLAINT CLASS ACTION,** No. EDCV-13-02064-JGB(SPx)   5

receive your free system and be protected
24/7, press 1 now.  Press 5 to be removed
but press 1 now for your safety and peace
of mind.

15.  These telephone solicitations constituted "calls"
under the TCPA that were **not** for emergency purposes.

16.  Plaintiff did **not** provide any one, more, or all
Defendants, nor any agent of Defendants, prior express consent
to cause Plaintiff to receive telephone calls on his residence
telephone that utilized an "artificial or prerecorded voice" to
transmit a message.  Plaintiff had no prior business
relationship with any one, more, or all of Defendants.

17.  Lifewatch agreed to compensate, did compensate, and
continues to compensate one or more of the Doe Defendants, which
Doe Defendants are tele-marketers who make certain of the
illegal telephone calls.  Lifewatch pays the Doe Defendants for
every sale of the Lifewatch product and monitoring system
despite (i) Lifewatch's awareness that the Doe Defendants place
illegal telephone calls to generate the sales and
(ii) Lifewatch's awareness of complaints, lawsuits, and Federal
Trade Commission proceedings concerning illegal telephone calls
that are being made to generate sales of Lifewatch's product and
monitoring system.  Lifewatch's payment of compensation to such
tele-marketers incentivizes the tele-marketers to make
additional illegal calls in order to receive additional payments
from Lifewatch upon each sale of the Lifewatch product and
monitoring system that the tele-marketers generate.  E.g.,
**"Fraudulent Robocalls for Lifewatch Alert Devices Halted by FTC,
Florida AG,"** Jan. 13, 2014, ecreditdaily.com (detailing that

*thirteen million dollars in commissions from selling Lifewatch products and monitoring systems* were generated by illegal telephone calls since March 2012)(**attached hereto as Exhibit A**).

18.   47 C.F.R. § 64.1200(b)(1) requires that "All artificial or prerecorded telephone messages shall:  At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated."

19.   Defendants' illegal, prerecorded telemarketing message failed to comply with this requirement.  The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing. 47 U.S.C. § 227(b)(3).  Plaintiff alleges that Defendants' violation of 47 C.F.R. § 64.1200(b)(1) was willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

20. 47 C.F.R. § 64.1200(b)(2) requires that "All artificial or prerecorded telephone messages shall: During or after the message, state clearly the telephone number (other than that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges."

21.   Defendants' illegal, prerecorded telemarketing message to Plaintiff failed to comply with this requirement.  The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing. 47 U.S.C. § 227(b)(3).  Plaintiff alleges that Defendants' violation of 47 C.F.R. § 64.1200(b)(2) was willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

22.   47 C.F.R. §64.1601(e) requires that "Any person or entity that engages in telemarketing . . . must transmit caller identification information."

23.   Defendants failed to transmit caller identification information during their illegal, prerecorded call to Plaintiff. The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing.  47 U.S.C. §227(b)(3).  Plaintiff alleges that Defendants' violation of 47 C.F.R. § 64.1601(e) was willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

24.   47 C.F.R. § 64.1601(e)(1) requires that "Caller identification information must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer. It shall not be a violation . . . to substitute . . . the name of the seller on behalf of which the telemarketing call is placed and the seller's customer service telephone number. The telephone number so provided must permit any

individual to make a do-not-call request during regular business hours."

25.   Defendants' illegal, prerecorded call to Plaintiff failed to comply with this requirement in three discrete ways: by failing to provide a company name, failing to provide an accurate telephone number and failing to provide an opportunity to make a do-not-call request.  The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violations were willful or knowing. 47 U.S.C. § 227(b)(3).  Plaintiff alleges that Defendants' violations of 47 C.F.R. § 64.1601(e)(1) were willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

26.   47 C.F.R. § 64.1601(e)(2) states that "Any person or entity that engages in telemarketing is prohibited from blocking the transmission of caller identification information."

27.   Defendants blocked the transmission of caller identification information during their illegal, prerecorded call to Plaintiff.  The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing.  47 U.S.C. § 227(b)(3).  Plaintiff alleges that Defendants' violation of 47 C.F.R. §64.1601(e)(2) was willful and knowing, within the meaning of 47 U.S.C. §227(b)(3) and 47 U.S.C. §312(f)(1).

28.   16 C.F.R. §310.4(a)(7) states that "It is an abusive telemarketing act or practice and a violation of this Rule for any seller or telemarketer to engage in the following conduct .

. . (7) Failing to transmit or cause to be transmitted the telephone number, and, when made available by the telemarketer's carrier, the name of the telemarketer, to any caller identification service in use by a recipient of a telemarketing call, provided that it shall not be a violation to substitute . . . the name of the seller or charitable organization on behalf of which a telemarketing call is placed, and the seller's or charitable organization's customer or donor service telephone number, which is answered during regular business hours."

29. Defendants' illegal, prerecorded call to Plaintiff failed to comply with this requirement in two discrete ways: by failing to provide the name of the company calling and failing to provide an accurate telephone number of the company calling. The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violations were willful or knowing. 47 U.S.C. § 227(b)(3). Plaintiff alleges that Defendants' violations of 16 C.F.R. § 310.4(a)(7) were willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

**CLASS ACTION ALLEGATIONS**

30. Plaintiff brings this action on behalf of himself and all persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of each of those provisions. The Class is defined as follows:

All individuals who within the past four years who
(i) received one or more RoboCalls from Defendants
without express prior consent and in the absence of an
emergency; and/or (ii) received one or more RoboCalls,
Sales Calls, and/or combined RoboCalls/Sales Calls from
Defendants in connection with which Defendants
transmitted false or absent caller identification
information.  Excluded from the Class are: (1) employees
of the Defendants, including their officers or
directors; (2) Defendants' affiliates, subsidiaries, or
co-conspirators; and (3) the Court to which this case is
assigned.

31.  Plaintiff does not know the exact number of Class
members because such information is in the exclusive control of
the Defendants.  However, Plaintiff believes that due to the
nature of the trade and commerce involved, Class members are
sufficiently numerous, most likely thousands of consumers, and
geographically dispersed throughout the United States, and that
joinder of all Class members is impracticable.  The information
as to the identity of the Class members can be readily
determined from records maintained by the Defendants, because
telephone calls are recorded in Defendants' billing statements
provided by third-party communications carriers, as well as from
general public notification and notification of Company's
customers who purchased goods and services from Company as a
result of one or more such telephone calls.

32.  Plaintiff's claims are typical of, and not
antagonistic to, the claims of the other Class members because
Plaintiff was injured by Defendants' practices and by asserting

his claims, Plaintiff will also advance the claims of all members of the Class who were damaged by the same wrongful conduct of Defendants and their co-conspirators as alleged herein, and the relief sought is common to the Class.

33. The common legal and factual questions which do not vary from Class member to Class member, and which may be determined without reference to individual circumstances of any Class member, include, but are not limited to, the following:

   a. Did Defendants' RoboCalls violate the TCPA?

   b. Did Defendants' RoboCalls and Sales Calls that provided false Caller ID information violate the Truth in Caller ID Act of 2009, 47 U.S.C. 227(e)?

   c. What is the appropriate measure of damages for Defendants' TCPA violations?

   d. Was Company unjustly enriched by the challenged practices? and

   e. Are Plaintiff and the Class Members entitled to the injunctive and equitable relief requested herein?

34. These common questions and others predominate over questions, if any, that affect only individual members of the Class.

35. The claims of the representative Plaintiff are typical of the claims of the Class. There are no material conflicts with any other member of the Class that would make class certification inappropriate. Plaintiff and counsel will fairly and adequately represent the interests of the Class.

36.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome on the courts if individual litigation of numerous cases would proceed.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented in this Complaint, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

37.   Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.

38.   Injunctive relief is appropriate as to the Class as a whole because Defendants have acted or refused to act on grounds generally applicable to the Class.

39.   Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including, but not limited to, providing Class members with a method for the redress of claims that may otherwise not warrant individual litigation.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(Violations of the TCPA "RoboCall"
Prohibition, 47 U.S.C. sec. 227 et seq.)

40.   Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

41.   As a result of Defendants', and Defendants' agents, violations of 47 U.S.C. sec. 227(b)(1)(B), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. sec. 227(b)(3)(B).

42.   Pursuant to 47 U.S.C. sec. 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION

(Knowing and/or Willful Violations of the
TCPA "RoboCall" Prohibition, 47 U.S.C. sec. 227 et seq.)

43.   Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

44.   As a result of Defendants', and Defendants' agents, knowing and/or willful violations of 47 U.S.C. sec. 227(b)(1)(B), Plaintiff seeks for himself and each Class Member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. sec. 227(b)(3).

45.   Pursuant to 47 U.S.C. sec. 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION

(Violations of the TCPA "Caller ID Spoofing" Prohibition and Name and Number Identification Requirements, 47 C.F.R. § 64.1601 (e), 47. C.F.R. § 64.1200 (b)(1), 47. C.F.R. § 64.1200 (b)(2), et seq.)

46.  Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

47.  As a result of Defendants', and Defendants' agents, violations of 47 C.F.R. sec. 64.1601(e), 47. C.F.R. § 64.1200 (b)(1), and 47. C.F.R. § 64.1200 (b)(2), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to the implied private right of action.

### FOURTH CAUSE OF ACTION

(Knowing and/or Willful Violations of the TCPA "Caller ID Spoofing" Prohibition and Name and Number Identification Requirements, 47 C.F.R. § 64.1601 (e), 47. C.F.R. § 64.1200 (b)(1), 47. C.F.R. § 64.1200 (b)(2), et seq.)

48.  Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

49.  As a result of Defendants', and Defendants' agents, knowing and/or willful violations of 47 C.F.R. sec. 64.1601(e), 47. C.F.R. § 64.1200 (b)(1), and 47. C.F.R. § 64.1200 (b)(2), Plaintiff seeks for himself and each Class Member $1,500.00 in statutory damages, for each and every violation, pursuant to the implied private right of action.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

**SECOND AMENDED COMPLAINT CLASS ACTION,** No. EDCV-13-02064-JGB(SPx)            15

**PRAYER FOR RELIEF**

1. Certification of the proposed Class and notice and claims administration to be paid by Defendants;

2. Statutory damages;

3. Compensatory, general, incidental, and consequential damages according to proof;

4. Special damages according to proof;

5. Punitive damages to punish Defendants for their willful illegal and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

6. Restitution and disgorgement according to proof;

7. Injunctive relief against Defendants, and each of them, to prevent future wrongful conduct;

8. Prejudgment interest at the maximum legal rate;

9. Costs of the proceedings herein;

10. Reasonable attorneys' fees; and

11. All such other and further relief as the Court deems just.

Dated:  April 21, 2014          Respectfully submitted,


                                By: ___/s/_____

                                STEPHEN J. SIMONI (Bar No. 284558)
                                StephenSimoniLAW@Gmail.com
                                **SIMONI CONSUMER CLASS ACTION
                                    LAW OFFICES**
                                12131 Turnberry Drive, Suite 100
                                Rancho Mirage, CA 92270-1500
                                Telephone:  (917) 621-5795

By:  ___/s/[1]_____

CHAD C. AUSTIN (Bar No. 235457)
ChadCAustin@gmail.com
**LAW OFFICE OF CHAD C. AUSTIN**
4632 Berwick Drive
San Diego, CA  92117
Telephone:  (619) 992-7100
Facsimile:  (858) 712-0316

*Attorney for Plaintiff Matthew
 Donaca and the Proposed Class*

---

[1] In accordance with Local Rule 5-4.3.4(a)(2)(i), the ECF/CM
filer, Stephen J. Simoni, attests that the other signatory
listed, and on whose behalf this filing is submitted, concurs in
the filing's content and has authorized the filing.

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and all others similarly situated hereby requests a jury trial on all claims so triable.

Dated:  April 21, 2014          Respectfully submitted,


By:  ___/s/_____

STEPHEN J. SIMONI (Bar No. 284558)
StephenSimoniLAW@Gmail.com
**SIMONI CONSUMER CLASS ACTION
    LAW OFFICES**
12131 Turnberry Drive, Suite 100
Rancho Mirage, CA 92270-1500
Telephone:  (917) 621-5795


By:  ___/s/[2]_____

CHAD C. AUSTIN (Bar No. 235457)
ChadCAustin@gmail.com
**LAW OFFICE OF CHAD C. AUSTIN**
4632 Berwick Drive
San Diego, CA  92117
Telephone:  (619) 992-7100
Facsimile:  (858) 712-0316

*Counsel for Plaintiff Matthew
    Donaca and the Proposed Class*

---

[2] In accordance with Local Rule 5-4.3.4(a)(2)(i), the ECF/CM filer, Stephen J. Simoni, attests that the other signatory listed, and on whose behalf this filing is submitted, concurs in the filing's content and has authorized the filing.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# EXHIBIT A

Fraudulent Robocalls for LifeWatch Alert Devices Halted by FTC, Florida AG | ecreditdaily.com

4/20/14, 8:32 PM



HOME    CONSUMER PROTECTION    FRAUDULENT ROBOCALLS FOR LIFEWATCH ALERT DEVICES HALTED BY FTC, FLORIDA AG

# Fraudulent Robocalls for LifeWatch Alert Devices Halted by FTC, Florida AG

01.13.2014 by Staff    0    Free Email Updates    Follow Us on Facebook    Twitter    Google Plus
EMAIL

AdChoices ▷    ▶ Fraud Alert    ▶ Phone Fraud    ▶ Phone Scams    ▶ Fraud Scams

An Orlando-based operation that used robocalls to pitch "free" medical alert devices to senior citizens falsely represented that the devices had been purchased for them by a relative or friend, according to the Federal Trade Commission and the Office of the Florida Attorney General.

At the request of federal and state authorities, a U.S. district court has temporarily halted and frozen the assets of the operation that peddled LifeWatch alert devices. Many of the consumers who received the defendants' calls were elderly, live alone, and have limited or fixed incomes.

Authorities are seeking a court order permanently banning the operation from engaging in the allegedly fraudulent and illegal conduct, and providing restitution to consumers who were victimized.

The scheme took in more than $13 million in commissions since March 2012.

"We will not tolerate unscrupulous individuals targeting the elderly," said Florida Attorney General Pam Bondi.

The defendants named in the FTC/Florida complaint include: 1) Worldwide Info Services, Inc., also doing business as (d/b/a) The Credit Voice; 2) Elite Information Solutions Inc., also d/b/a The Credit Voice; 3) Absolute Solutions Group Inc, also d/b/a The Credit Voice; 4) Global Interactive Technologies, Inc., also d/b/a The Credit Voice Inc.; 5) Global Service Providers, Inc.; 6) The Credit Voice, Inc, also d/b/a TCV; 7) Live Agent Response 1 LLC, also d/b/a LAR; 8) Arcagen, Inc., also d/b/a ARI; 9) American Innovative Concepts, Inc.; 10) Unique Information Services Inc.; 11) Michael Hilgar; 12) Gary Martin; and 13) Joseph Settecase.

According to the complaint, the defendants violated the FTC Act, the Commission's Telemarketing Sales Rule (TSR), and Florida's Deceptive and Unfair Trade Practices Act (FDUTPA) by blasting robocalls to senior citizens falsely stating that they were eligible to receive a free medical alert system that was bought for them by a friend, family member, or acquaintance.



AdChoices ▷

▶ Credit Card Fraud Alert
▶ Medical Alert Alarms
▶ Fraud Phone Calls

Get Updates

Subscribe to our free e-mail newsletter to receive updates. We respect your privacy.

E-mail    Submit



Follow eCreditDaily:
Facebook    Twitter    Google Plus



Credit Cards Rate Averages    Bankrate.com

| Product | Rate | +/- Last week |
|---|---|---|
| Balance Transfer Cards | 15.67% | 15.71% |
| Low Interest Cards | 10.91% | 10.91% |
| Cash Back Cards | 16.32% | 16.36% |

Compare rates:  -- select --    Search

View credit card rate averages from banks and issuers.

http://ecreditdaily.com/2014/01/fraudulent-robocalls-lifewatch-alert-devices-halted/

A
19



Fraudulent Robocalls for LifeWatch Alert Devices Halted by FTC, Florida AG | ecreditdaily.com

4/20/14, 8:32 PM



Top and bottom views of the LifeWatch alert device involved in the sales pitch.

Tags: consumer trends, Federal Trade Commission, online fraud/cyber security

## Latest Bitcoin Price

**$512.27**
Bid: $512.34  Ask: $513.27
Powered by BTCQuote.com

Data provided by Coinbase.

## Today's Credit Card Offers

| Category | *Rates |
|---|---|
| Low Interest Cards | 7.25 - 20.99% |
| Balance Transfer Cards | 7.25 - 20.99% |
| Cash Back Cards | 9.25 - 20.99% |
| Student Cards | 12.99 - 18.99% |
| Gas Reward Cards | 10.99 - 20.99% |
| Reward Cards | 9.25 - 20.99% |

* Advertised range of APRs offered to qualified applicants. Bookmark: eCreditDaily.com/creditcards

## Get Updates

Subscribe to our e-mail newsletter to receive updates.

E-mail [ ] Submit

## Related Articles

Cheerios-Maker General Mills: You Can Sue Us Even If You 'Like' Us on Facebook

He Spent $30K to Build His Dream 'Tiny' House. Goodbye to High Rents, Big Mortgages.

Even in a Bustling Subway, Hacker Thieves will Try to Get Your Payment Card Data

S. Dakota-Based Payday Lender Illegally Garnished Wages Via Tribal Affiliation, FTC Says

Invisible-Car Technology has Arrived with Land Rover's Freaky 'Transparent Bonnet'

## Leave a Reply

Name (Required)

Mail (will not be published) (Required)

Website

[                    ]

Submit Comment

### Find us on Facebook

eCreditDaily.com
Like

eCreditDaily.com
"We were so shocked we had to laugh … it looked comical, it looked like it wasn't real."
http://bit.ly/1gJvtMG

**Viral Video Shows Air Canada Workers Tossing Carry-On Luggage 20 Feet into Bin Below |...**
ecreditdaily.com
You might want to think again about putting valuable camera equipment or anything fragile in carry-on luggage. That's because the airline may require you to

930 people like eCreditDaily.com.

Facebook social plugin

## Average Mortgage Rates

| Loan Type | *Rates |
|---|---|
| 30-Year Fixed | 4.34% |
| 15-Year Fixed | 3.38% |
| 5-Year Treasury-indexed ARM | 3.09% |
| 1-Year Treasury-indexed ARM | 2.41% |

* Source: Freddie Mac for week ending April 10, 2014.
See all articles on Interest Rates.

A
20

