Jason P. Sultzer (*pro hac vice*)
Joseph Lipari (*pro hac vice*)
**The Sultzer Law Group, P.C.**
77 Water Street, 8th Floor
New York, New York 10005
Telephone: 646-722-4266
Facsimile: 888-749-7747
sultzerj@thesultzerlawgroup.com
liparij@thesultzerlawgroup.com

William H. Armstrong
**Armstrong & Associates LLP**
One Kaiser Plaza, Suite 625
Oakland, California 94612
Telephone: 510 433-1191
Facsimile: 510 433-1836
Bill.Armstrong@Armstrongetal.com

Attorneys for Defendant
Lifewatch Inc.

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DONACA, Individually and on behalf of all others similarly situated, | Case No.: CV 13-02064-JGB-SP |
| | Hon. JESUS G. BERNAL |
| Plaintiff, | |
| vs. | **ANSWER TO SECOND AMENDED COMPLAINT** |
| LIFEWATCH INC. ("LIFEWATCH"), EVAN SIRLIN, Individually and as Chief Executive officer of LIFEWATCH, and DOES 1 through 10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | Complaint Filed: November 8, 2013 |
| | Amended Complaint Filed: January 23, 2014 |
| | Second Amended Complaint Filed: April 21, 2014 |

4005338

Lifewatch Inc., by and through its undersigned attorneys, answers Matthew Donaca's Second Amended Complaint as follows:

## **Introduction**

1. Lifewatch admits that it is a duly incorporated New York corporation that markets and sells monitoring systems and services as alleged in Paragraph 1 of Plaintiff' Second Amended Complaint.

2. Lifewatch denies the allegations against it in Paragraph 2 of Plaintiff's Second Amended Complaint.

3. Lifewatch denies the allegations against it in Paragraph 3 of Plaintiff's Second Amended Complaint.

## **Jurisdiction and Venue**

4. Lifewatch denies the allegations against it in Paragraph 4 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

5. Lifewatch denies the allegations against it in Paragraph 5 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

## **The Parties**

6. Lifewatch denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 6 of Plaintiff's Second Amended Complaint.

7. Lifewatch admits that it is a duly incorporated New York corporation that has been in existence for decades and that it transacts business in this Judicial District.

8. Lifewatch denies the allegations against it in Paragraph 8 of Plaintiff's Second Amended Complaint.

ANSWER TO THE SECOND AMENDED COMPLAINT

4005338

9.  The allegations in Paragraph 9 of Plaintiff's Second Amended Complaint are not directed at Lifewatch and, therefore, no answer is made.  To the extent that any allegation is deemed to be directed at this defendant, the allegation is denied.

10. Lifewatch denies the allegations against it in Paragraph 10 of Plaintiff's Second Amended Complaint.

11. Lifewatch denies the allegations against it in Paragraph 11 of Plaintiff's Second Amended Complaint.

12. Lifewatch denies the allegations against it in Paragraph 12 of Plaintiff's Second Amended Complaint.

## Factual Allegations

13. Lifewatch denies the allegations against it in Paragraph 13 of Plaintiff's Second Amended Complaint.

14. Lifewatch denies the allegations against it in Paragraph 14 of Plaintiff's Second Amended Complaint.

15. Lifewatch denies the allegations against it in Paragraph 15 of Plaintiff's Second Amended Complaint.

16. Lifewatch denies the allegations against it in Paragraph 16 of Plaintiff's Second Amended Complaint.

17. Lifewatch denies the allegations against it in Paragraph 17 of Plaintiff's Second Amended Complaint.

18. Lifewatch denies the allegations against it in Paragraph 18 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

19. Lifewatch denies the allegations against it in Paragraph 19 of Plaintiff's Second Amended Complaint.

20. Lifewatch denies the allegations against it in Paragraph 20 of Plaintiff's

ANSWER TO THE SECOND AMENDED COMPLAINT

4005338

Second Amended Complaint and respectfully refers legal questions to the court for determination.

21. Lifewatch denies the allegations against it in Paragraph 21 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

22. Lifewatch denies the allegations against it in Paragraph 22 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

23. Lifewatch denies the allegations against it in Paragraph 23 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

24. Lifewatch denies the allegations against it in Paragraph 24 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

25. Lifewatch denies the allegations against it in Paragraph 25 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

26. Lifewatch denies the allegations against it in Paragraph 26 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

27. Lifewatch denies the allegations against it in Paragraph 27 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

28. Lifewatch denies the allegations against it in Paragraph 28 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

29. Lifewatch denies the allegations against it in Paragraph 29 of Plaintiff's

Second Amended Complaint and respectfully refers legal questions to the court for determination.

## **Class Action Allegations**

30. Lifewatch denies the allegations against it in Paragraph 30 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

31. Lifewatch denies the allegations against it in Paragraph 31 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

32. Lifewatch denies the allegations against it in Paragraph 32 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

33. Lifewatch denies the allegations against it in Paragraph 33 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

34. Lifewatch denies the allegations against it in Paragraph 34 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

35. Lifewatch denies the allegations against it in Paragraph 35 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

36. Lifewatch denies the allegations against it in Paragraph 36 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

37. Lifewatch denies the allegations against it in Paragraph 37 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

ANSWER TO THE SECOND AMENDED COMPLAINT

4005338

38. Lifewatch denies the allegations against it in Paragraph 38 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

39. Lifewatch denies the allegations against it in Paragraph 39 of Plaintiff's Second Amended Complaint and respectfully refers legal questions to the court for determination.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

40. Lifewatch repeats, realleges and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 39 of the Second Amended Complaint, in response to Paragraph 40, as if fully set forth herein.

41. Lifewatch denies the allegations against it in Paragraph 41 of Plaintiff's Second Amended Complaint.

42. Lifewatch denies the allegations against it in Paragraph 42 of Plaintiff's Second Amended Complaint.

## SECOND CAUSE OF ACTION

43.  Lifewatch repeats, realleges and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 42 of the Second Amended Complaint, in response to Paragraph 43, as if fully set forth herein.

44. Lifewatch denies the allegations against it in Paragraph 44 of Plaintiff's Second Amended Complaint.

45. Lifewatch denies the allegations against it in Paragraph 45 of Plaintiff's Second Amended Complaint.

4005338

**THIRD CAUSE OF ACTION**

46. Lifewatch repeats, realleges and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 45 of the Second Amended Complaint, in response to Paragraph 46, as if fully set forth herein.

47. Lifewatch denies the allegations against it in Paragraph 47 of Plaintiff's Second Amended Complaint.

**FOURTH CAUSE OF ACTION**

48. Lifewatch repeats, realleges and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 47 of the Second Amended Complaint, in response to Paragraph 48, as if fully set forth herein.

49. Lifewatch denies the allegations against it in Paragraph 49 of Plaintiff's Second Amended Complaint

**LIFEWATCH, INC.'S AFFIRMATIVE DEFENSES**

Lifewatch, by and through its attorneys, asserts the following affirmative defenses and reserves the right to assert additional affirmative defenses as needed and as the litigation continues:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the principles of waiver, estoppel, unclean hands, and/or other equitable doctrines.

**THIRD AFFIRMATIVE DEFENSE**

The damages claimed by Plaintiff are not available at law to remedy the conduct alleged.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are the result of Plaintiffs' own actions, omissions, or conduct.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are the result of third parties over whom Defendant has no control.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff has or had a business relationship with Defendant and/or provided consent.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because he failed to mitigate the alleged damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Lifewatch cannot be held vicariously liable for the allegedly offending telephone calls because Lifewatch did not initiate telemarketing calls and did not exercise sufficient control over the telemarketing methods, acts and/or practices.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because he gave express consent for the telephone calls at issue in this action.

**TENTH AFFIRMATIVE DEFENSE**

Defendant specifically denies that it acted with any willfulness, knowledge, or malice toward Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

8

4005338

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because he lacks standing to sue.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under the doctrine of primary jurisdiction.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of preemption.

## <u>DEMAND FOR TRIAL BY JURY</u>

Lifewatch hereby demands a jury trial of all issues in the Second Amended Complaint which are triable to jury.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Defendant prays for an order of adjudication in its favor and against the Plaintiff as follows:

1.   Dismissal of the Plaintiff's claims with prejudice and on the merits;

2.   Award of Defendant's costs and reasonable attorneys' fees; and

3.   Such other and further relief as this adjudicative body deems appropriate.

Dated: June 25, 2014

**The Sultzer Law Group, P.C.**

By:   Joseph Lipari /s/

_____

Joseph Lipari
Jason Sultzer
Attorneys for Lifewatch, Inc.

9

4005338

**CERTIFICATE OF SERVICE**

*MATTHEW DONACA vs. LIFEWATCH INC.et al.* U.S. District Court, Central

District of California, Case No. CV 13-02064-JGB-SP

I hereby certify that a true and correct copy of the foregoing was served on all

counsel registered to receive a Notice of Electronic Filing by electronically serving

the document via the United States District Court Electronic Case filing website

(CM/ECF notification system) for this case on this 25th day of June 2014.

By:     /s/ Joseph Lipari
        _____
        Joseph Lipari
        Attorneys for Lifewatch, Inc.

ANSWER TO THE SECOND AMENDED COMPLAINT

4005338