Jason P. Sultzer (*pro hac vice*)
Joseph Lipari (*pro hac vice*)
**The Sultzer Law Group, P.C.**
77 Water Street, 8th Floor
New York, New York 10005
Telephone: 646-722-4266
Facsimile: 888-749-7747
sultzerj@thesultzerlawgroup.com

William H. Armstrong
**Armstrong & Associates LLP**
One Kaiser Plaza, Suite 625
Oakland, California 94612
Telephone: 510 433-1191
Facsimile: 510 433-1836
Bill.Armstrong@Armstrongetal.com

Attorneys for Defendant
Lifewatch Inc.

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DONACA, Individually and on behalf of all others similarly situated, | Case No.: ED CV 13-02064-JGB-SP |
| | Hon. JESUS G. BERNAL |
| Plaintiff, | |
| vs. | STIPULATED PROTECTIVE ORDER |
| LIFEWATCH INC. ("LIFEWATCH"), EVAN SIRLIN, Individually and as Chief Executive officer of LIFEWATCH, and DOES 1 through 10, inclusive, | [NOTE CHANGES MADE BY THE COURT IN ¶¶ 6.3, 7.2(f), 7.3(d), 10] |
| | Complaint Filed: November 8, 2013 |
| | Amended Complaint Filed: January 23, 2014 |
| | Second Amended Complaint Filed: April 21, 2014 |
| Defendants. | |

1.      <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action will likely involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this matter would be warranted. Accordingly, the parties hereby stipulate to and respectfully petition this Court to enter the following Confidentiality Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties have agreed that the terms of this Confidentiality Order shall also apply to any future voluntary disclosures of confidential, proprietary or private information.

This Confidentiality Order shall not apply to documents or information already in the public record. However, the protections afforded by this Order shall apply to documents or information that a party has disclosed or hereafter discloses to a third party in connection with its business in a manner that does not make the documents or information publicly available. The parties reserve their rights to object to or withhold any information including confidential, proprietary or private information on any other applicable grounds permitted by law, including third party rights and relevancy.

2.      <u>DEFINITIONS</u>

2.1     <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony,

transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

        2.3    <u>"Confidential" or "Attorney's Eyes Only" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c) and that contains or constitutes the following:

        a) business plans, strategic plans, and marketing strategies or plans;

        b) non-public market research, including market surveys and customer surveys;

        c) non-public financial and sales data, budgets and projections, and  information relating to  revenues, costs, profits, cash flow, assets and liabilities, and reports containing such information;

        d)  the financial terms of agreements other than sales to the general public;

        e)  descriptions of products or services that have not yet been made available for sale;

        f)  licenses, license fees, and license agreements, and co-branding agreements;

        g) employment files and information required to be kept confidential under federal, state and local law;

        h) information required to be kept confidential pursuant to an agreement or understanding with nonparties;

        i) any commercially sensitive and/ or confidential business or financial information (including without limitation confidential nonpublic contracts, profitability reports or estimates, sales reports, and sales margins);

j) any business or financial information that is confidential, proprietary, or commercially sensitive to third parties who have had business dealings with parties to this action; or

k) personal, private and/or sensitive information and/or materials;

l) proprietary information and/or materials;

m) trade secrets, generally;

n) vendor, supplier, independent contractor identities and terms and agreements;

o) identifying customer information, including but not limited to name, address, telephone number, email address, financial data; and,

p) any other category of material or information hereinafter given "Confidential" or "Attorneys Eyes Only" treatment by the Court.

2.4     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery, including the documents produced by Defendants and Plaintiff for the purpose of settlement discussions prior to the time that this Stipulated Confidentiality Order was entered into, as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

2.7     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "ATTORNEY'S EYES ONLY."

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

4

[PROPOSED STIPULATED PROTECTIVE ORDER

witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation. However, unless otherwise ordered by the Court or permitted in a signed writing by the Designating Party, a Receiving Party shall not disclose any information or item designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" to an expert witness or consultant that is: (a)  current employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant, or someone who at the time of retention is reasonably anticipated to become an employee of the Party within six months (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant, or (b) a current employee or reasonably anticipated to become an employee of any entity who is a competitor of the Party adverse to the Party within six months engaging the expert witness or consultant.

       2.9    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

       3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in arbitration or in other settings that might reveal Protected Material.

       4.    <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees in a signed writing or a court order otherwise directs.

[PROPOSED STIPULATED PROTECTIVE ORDER

5.     DESIGNATING PROTECTED MATERIAL

     5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

     If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

     5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

     Designation in conformity with this Order requires:

     (a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" at the top or bottom of each page that contains protected material.

     A Party or non-party that makes originals or copies of documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it intends to copy. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEY'S EYES ONLY". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must designate, either in writing or on the record (at a deposition),

which documents, or portions thereof, qualify for protection under this Order, then the Receiving Party must affix the "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" legend at the top of each copied page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY").

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days after receipt of the deposition transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "ATTORNEY'S EYES ONLY"). During the 20 days following receipt of the deposition transcript, the parties shall treat the testimony as if it has already been designated "Attorneys Eyes Only."  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Confidentiality Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend

"CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "ATTORNEY'S EYES ONLY."

5.3     Inadvertent Failures to Designate. If corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party in writing. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must

give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    6.3  <u>Court Intervention</u>. A Party that elects to challenge a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion in compliance with Local Rule 37 that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The parties agree that a confidentiality designation shall not create a presumption in favor of such confidentiality designation, and that the Court shall decide the issue "*de novo*." Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

  7.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

    7.1  <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

     7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in a signed writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Designating Party himself, herself or itself;

(b)    the Receiving Party's outside counsel and in-house counsel, as well as paralegals and/or employees of said outside counsel or in-house counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c)    Board members, officers and directors of the Receiving Party;

(d)    Other employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who are bound by internal confidentiality obligations as part of their employment or who have signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

(e)    Experts (as defined and limited in Paragraph 2.8 of this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

(f)    Court personnel;

(g)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have

[PROPOSED STIPULATED PROTECTIVE ORDER

signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

(h)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A) , provided that, a witness's refusal to execute the Agreement will not prevent use of the subject Information or Item during the witness's deposition. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Confidentiality Order; and

(i)     the author and recipients of the document or the original source of the information.

7.3     <u>Disclosure of "ATTORNEY'S EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in a signed writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEY'S EYES ONLY" only to:

(a)     the Designating Party himself or, herself or itself;

(b)     the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c)     Experts (as defined and limited in Paragraph 2.8 of this Order) of the Receiving Party to whom disclosure is reasonably necessary for this

litigation and who have signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

(d)     Court personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A); and

(f)     the author and recipients of the document or the original source of the information.

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A), provided that, a witness's refusal to execute the Agreement will not prevent use of the subject Information or Item during the witness's deposition. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Confidentiality Order; and

(i) the author and recipients of the document or the original source of the information.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED
        PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material, the Receiving Party must so notify the

[PROPOSED STIPULATED PROTECTIVE ORDER]

Designating Party, in writing immediately and in no event more than five business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order may be the subject of this Confidentiality Order. In addition, the Receiving Party must deliver a copy of this Stipulated Confidentiality Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Confidentiality Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Confidentiality Order, the Receiving Party must immediately (a) notify in writing  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

[PROPOSED STIPULATED PROTECTIVE ORDER

10.   <u>FILING PROTECTED MATERIAL</u>. If any Protected Material is included with any papers filed with the court, the filing party shall apply to file such Protected Material under seal in accordance with Local Rule 79-5.

11.   <u>FINAL DISPOSITION</u>. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action (after the expiration of any and all appellate rights and final adjudication thereof and satisfaction of all judgments, awards, settlements, *et al.*) each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of the portions of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, that do not contain information or items that were designated "Attorney's Eyes Only". Any such archival copies that contain or constitute Protected Material remain subject to this Confidentiality Order as set forth in Section 4 (DURATION), above.

12.   <u>MISCELLANEOUS</u>

[PROPOSED STIPULATED PROTECTIVE ORDER

12.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification in the future.

12.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Confidentiality Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Confidentiality Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Confidentiality Order.

12.3     <u>Inadvertent Production of Privileged Documents</u>. If a Party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney-client privilege, the work product privilege, or any other privilege, such production shall not be deemed a waiver of any privilege, and the Producing Party may give written notice to the Receiving Party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such notice, the Receiving Party shall immediately gather the original and all copies of the document or information of which the Receiving Party is aware, in addition to any abstracts, summaries, or descriptions thereof, and shall immediately return the original and all such copies to the Producing Party. Nothing stated herein shall preclude a Party from challenging an assertion by the other Party of privilege or confidentiality.

12.4 The parties agree that a designation of information as Confidential or Attorneys Eyes Only is not intended to be and shall not be construed as an admission that the Confidential or Attorneys Eyes Only Information is relevant or is reasonably calculated to lead to the discovery of admissible evidence or is not subject to an applicable privilege or protection.

1

2

3 **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

4

| | |
|---|---|
| 5 /s/ Stephen J Simoni | /s/ Joseph Lipari |
| 6 _____ | _____ |
| STEPHEN J. SIMONI (Bar No. 284558) | JASON P. SULTZER (*pro hac vice*) |
| 7 StephenSimoniLAW@gmail.com | JOSEPH LIPARI (*pro hac vice*) |
| **SIMONI CONSUMER** | The Sultzer Law Group, P.C. |
| 8 **CLASS ACTION LAW OFFICES** | 77 Water Street, 8th Floor |
| 12131 Turnberry Drive, Suite 100 | New York, New York 10005 |
| 9 Rancho Mirage, CA 92270-1500 | Telephone:  (845) 705-9460 |
| Telephone:  (917) 621-5795 | Facsimile:  (888) 749-7747 |
| 10 ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |

11

12

13 SO ORDERED.

14

15 _____

16 Sheri Pym
U.S. Magistrate Judge

17

18 Dated: January 7, 2015

19

20

21

22

23

24

25

26

27

28

[PROPOSED STIPULATED PROTECTIVE ORDER]

1
2
3
4

# UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

5
6
7
8
9
10
11
12
13

| | |
|---|---|
| MATTHEW DONACA, Individually and on behalf of all others similarly situated, | Case No.: CV 13-02064-JGB-SP |
| | Hon. JESUS G. BERNAL |
| Plaintiff, | |
| vs. | ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND |
| LIFEWATCH INC. | |
| Defendants. | Complaint Filed: November 8, 2013 Amended Complaint Filed: January 23, 2014 Second Amended Complaint Filed: April 21, 2014 |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I, _____, acknowledge that I have read and understand the Confidentiality Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Attorneys Eyes Only.  I agree that I will not disclose such Confidential Discovery Material to anyone other than as directed by the Confidentiality Order, and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Confidentiality Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Confidentiality Order could subject me to punishment for contempt of Court.

Dated: _____                    _____

[PROPOSED STIPULATED PROTECTIVE ORDER]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

18

[PROPOSED STIPULATED PROTECTIVE ORDER